## BRADFIELD v. M'CORMICK, Assignee.

An instrument of writing executed with a scroll, instead of with a wafer or wax seal, is a sealed instrument.

If a note under seal for money be payable on demand, a suit lies on it without making a previous demand.

If in an action on a sealed note for the payment of a sum certain, there be a demurrer to the declaration, and judgment for the plaintiff,—the Court may assess the damages.

Nov. Term,
1832.

BRADFIELD
v.
M'CORMICK.

Tuesday,
December 18.

ERROR to the *Tippecanoe* Circuit Court. The judgment in this case was affirmed during this term; and, on a petition for a re-hearing, the following opinion was delivered:

M'KINNEY, J.——This is an action of debt brought on a writing obligatory. The declaration demands 142 dollars and 18¾ cents, balance due. The defendant craved *oyer* of the instrument declared on, and filed a demurrer to the declaration. On joinder, the demurrer was overruled, and judgment rendered in favour of the plaintiff for 142 dollars and 18¾ cents debt, and 16 dollars and 50 cents damages and costs. The following instrument was set out on *oyer*——"On demand, we or either of us promise to pay *Joseph Williamson*, or order, the just sum of 150 dollars, for value received of him, as witness our hands this 16th day of *November*, 1829.——*John Bradfield*, [L. S.] *Benjamin Bradfield*, [L. S.]". Three points are made by the plaintiff in error:——1. The instrument declared on is not a writing obligatory; 2. The declaration is defective for want of an averment of a special demand, as the amount of the note was payable on demand; 3. The Court erred in not calling a jury to assess the damages.

The first question was decided by this Court in the case of *Vanblaricum et al.* v. *Yeo, adm'r. of M'Kay*, November term, 1830. We regard the decision in that case as founded upon a sound construction of the statute.

As to the second point, the plaintiff demands 142 dollars and 18¾ cents, and avers in the declaration a credit to be endorsed on the note, reducing it from 150 dollars to the amount claimed. When the credit was entered on the note does not appear. In support of the judgment, we will presume it made about the time the note was executed. The demand is not necessary to sustain the action; it could only affect the amount of demand. The demand of payment should relate back to the time of the credit endorsed. A calculation of interest, founded on this presumption, gives an amount varying but a few cents from the damages given in the Circuit Court. We think the second objection cannot be sustained (1).

The third point was settled by this Court in the case of *Tannehill* v. *Thomas*, 1 Blackf. R. 144. The statute of 1831, regulating the practice in suits at law, sec. 41, expressly authorises the course pursued by the Circuit Court.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

<span style="float:right">Nov. Term, 1832.</span>

*C. Fletcher* and *W. M. Jenners*, for the plaintiff.

*A. S. White*, for the defendant.

(1) If a bond, bill of exchange, or promissory note, be payable on demand, interest runs from the day of the demand: if no day of payment be specified, the money is due immediately, and interest is calculated from the date. 2 Stark. Ev. 419.