*J. Ryman*, for the plaintiff.

---

HARDEN and Another *v.* WOLF. and Another, Administrators of WOLF, deceased.

The plaintiffs gave their promissory note in 1841, payable with 6 *per cent.* interest, which was assigned to the defendants, and afterwards the plaintiffs made the following agreement on the back of the note: "*November* 29, 1841. It is agreed that the within is to bear at the rate of 10 *per cent.*" *Held,* that the contract made at the date of the note was merged in the new agreement, and was an agreement to pay the sum specified with 6 *per cent.* interest to the date of the indorsement, and 10 *per cent.* afterwards.

*Held,* also, that the agreement was assignable, and no demand before suit was necessary.

APPEAL from the *Union* Circuit Court.

SMITH, J.—This was an action of assumpsit, commenced before a justice of the peace, by the appellee against the appellants. The cause of action filed alleged that, on the 2d of *February*, 1841, *Harden* and *Hall* made their promissory note under seal, whereby they promised to pay to the order of *John Ryder*, on or before the 25th of *November*, 1841, 550 dollars, with interest from date; that, on the 3d of *February*, 1841, *Ryder* assigned said note to the plaintiff's intestate; that, on the 29th of *November*, 1841, the said *Harden* and *Hall* agreed, in writing, on the back of the note, to pay the same with interest thereon at the rate of 10 *per cent.;* and that said note, with interest upon it, had been paid, except 64 dollars and 75 cents, for which sum this suit was brought.

On the trial in the Circuit Court, an appeal having been taken from the judgment of the justice, the plaintiff gave in evidence a note corresponding with that described

May Term,
1850.

HARDEN
v.
WOLF.

in the cause of action, with the following agreement indorsed upon it:

. "*November* 29th, 1841. It is agreed that the within is to bear at the rate of 10 *per cent. Harden* and *Hall.*"

There were also various credits indorsed upon the note, from which it appeared that, if the note was payable with 6 *per cent.* interest only, it had been fully paid before the suit was commenced.

The plaintiff obtained a judgment for 63 dollars and 28 cents—the Court calculating the interest at the rate of 6 *per cent.*, up to the date of the agreement to pay 10 *per cent.*, and 10 *per cent.* from that time to the date of the judgment.

The appellants object to the declaration, or cause of action, because it does not aver a consideration for the promise to pay 10 *per cent.*

They also contend that the indorsement is merely a memorandum of a new agreement between the parties and no part of the note; that it is not shown, either by the pleadings or the evidence, that the time had elapsed when the appellants were bound to pay interest at the rate of 10 *per cent.;* and that if such time had elapsed, or there was no special time agreed upon, it was necessary that there should have been a special demand of payment made before the suit was commenced.

We think the contract, made at the date of the note, to pay the same with 6 *per cent.* interest, was merged in the new agreement made at the time of the indorsement, and that the . note, with the indorsement, imports an agreement to pay the sum therein specified with 6 *per cent.* interest to the date of the indorsement, and 10 *per cent.* thenceforward until the note should be paid. The new agreement amounted to the same thing, in effect, as if the note had been cancelled and a new note had been executed bearing 10 *per cent.* interest. At the date of this indorsement, an agreement in writing to pay interest at the rate of 10 *per cent.* was valid, under the statute upon that subject, but such an agreement could not be made to exist independent of the note or

debt to which it had reference, so as to be assignable separately.

The judgment is, therefore, right. The agreement sued upon was assignable under the statute, and hence imports a consideration. *Nichols* v. *Woodruff*, 8 Blackf. 493. And, regarding it as an agreement to pay a sum of money generally, or on demand, with interest at the rate specified, no demand before suit was necessary. *Bradfield* v. *McCormick*, 3 Blackf. 161.—Chit. on Cont. 733, (7 Amer. Ed.).

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*J. S. Reid*, for the appellants.

*J. S. Newman*, for the appellees.