LUCAS *v.* SMITH ET AL.

EVIDENCE.—*Execution of Written Instrument.*—By failing to deny under oath the execution of a written instrument, which is the foundation of a suit, and a copy of which is filed with the complaint, proof of its execution is dispensed with, but it is incumbent on the plaintiff to produce, on the trial, and give in evidence, the instrument described in the complaint, to entitle the plaintiff to recover.

VARIANCE AND AMENDMENT.—Where an instrument of writing sued upon is described in the complaint as a contract to pay one hundred dollars, and the contract produced at the trial, and given in evidence, is an agreement to pay one dollar, the complaint will be considered, in the Supreme Court, as amended so as to conform to the proof.

SAME.—*Judgment.*—Where a complaint is upon a contract, described as an agreement to pay one hundred dollars, and there is no averment of any mistake as to the amount agreed to be paid, or any evidence other than the contract, and the contract in evidence is an agreement to pay one dollar, it is error to render judgment for an amount exceeding the sum named in the contract.

APPEAL from the Fountain Circuit Court.

OSBORN, C. J.—This was an action brought by the appellees upon a subscription made by the appellant to a railroad company for one hundred dollars, assigned to the appellees.

An answer of general denial was filed. The cause was tried by the court, finding for the appellees, motion for a new trial overruled, exceptions and final judgment for the appellees on the finding.

The motion for a new trial assigns, as causes therefor, the admission of a subscription for one dollar; that the assessment of damages was too large ; and that the finding was not sustained by the evidence.

The error assigned is in overruling the motion for a new trial.

The complaint charges that the defendant below, the appellant, agreed, in writing, to pay The Indianapolis, Crawfordsville, and Danville Railroad Company, one hundred dollars, when the road should be completed and in running order from Indianapolis to Covington, Indiana; that the road was completed between those points ; that the subscription had been assigned to the plaintiffs below, the appellees;

alleges the non-payment of the money, and demands judgment. A copy of the subscription was filed with, and made a part of, the complaint.

On the trial, a paper was offered in evidence, of which the following is a copy:

"We, the subscribers, citizens of Fountain county, Indiana, promise to pay The Indianapolis, Crawfordsville, and Danville Railroad Company, without relief from valuation or appraisement laws, the sums set opposite our respective names, for the purpose of aiding and assisting said company in the construction of a railroad from Indianapolis to Danville, Illinois, upon the condition, to wit, that these subscriptions shall not be due or payable until said railroad is completed and in running order from Indianapolis to the town of Covington, Indiana.

"Witness our hands this 14th day of May, 1867.

"L. A. Lucas,    -    -    $1.00"

The appellant objected to its introduction, on the ground of a variance in amount from the one set out in the complaint and the copy filed. The objection was overruled, and the subscription was read in evidence. It was also proved that the subscription was assigned to the appellee, and that the railroad was completed to Covington on the first day of September, 1870. The court found for the appellee one hundred and six dollars.

The appellees seek to sustain the action of the court on the ground that the appellant, by failing to deny the execution of the subscription on oath, could not deny that it was for the amount stated in the copy filed with the complaint. They rely upon sec. 80, 2 G. & H. 105, which provides: "Where a writing, purporting to have been executed by one of the parties, is the foundation of, or referred to in any pleading, it may be read in evidence on the trial of the cause against such party, without proving its execution, unless its execution be denied by affidavit before the commencement of the trial, or unless denied by a pleading under oath." By failing to deny the execution of the instrument,

proof of it was dispensed with.    Still it was incumbent upon the plaintiffs to produce on the trial, and. give in evidence, the paper described in the complaint, to entitle them to a recovery.    *Howard* v. *Kisling*,  15 Ind. 83.

If there was a variance between the contract described in the complaint, and the one produced on the trial, it could not have been introduced, except for the statutes on the subject of variance, amendments, and appeals.

" No variance between the allegations in a pleading and the proof, is to be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defence upon the merits." Sec. 94, 2 G. & H. 114. The court may at any time direct any material allegations to be inserted, struck out, or modified to conform the pleadings to the facts proved.    Sec. 99, p. 118.   " No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court for any defect in form, variance or imperfections, contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below ; but such defects  shall be deemed to be amended in the Supreme Court."   Sec. 530, p. 278.

This court has held in all such cases, that the amendment will be considered as made, and the variance avoided.   The court committed no error in receiving the paper.   If the subscription was for one dollar, the complaint will be considered as amended to  conform it to the proof.   As thus amended, the subscription would be the one described in the complaint.   If the defendant was misled to his prejudice by the variance, he might have proved it to the satisfaction of the court, and shown in what respect he was misled, and the amendment could have been made only upon terms to be fixed by the court.   Otherwise, the amendment will be deemed to have been made.   Secs. 99 and 530, *supra.*

The subscription, as set out in the bill of exceptions, is for one dollar.   There is no averment in the complaint of any mistake or any evidence relative to the amount sub-

scribed, except the subscription itself. It was for one dollar, and not one hundred dollars as claimed by the appellees.

The finding of the court was for too much, and a new trial ought to have been granted.

The judgment of the said Fountain Circuit Court is reversed, with costs; cause remanded, with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.

*W. H. Mallory*, for appellant.

*S. C. Willson*, for appellees.