## HUFF *v.* COLE ET AL.

PRINCIPAL AND SURETY.—*Extension of Time.—Interest.*—An agreement in writing to pay an increased rate of interest, made by the principal maker with the holder of a promissory note, is a good consideration for an extension of the time of payment; and when the agreement is to extend for a definite period without the consent of the surety, it will discharge the surety.

SAME.—*Evidence.—Alteration of Contract.*—An agreement to pay an increased rate of interest thereafter, indorsed on a promissory note, made by the principal only, without the knowledge or consent of the surety, does not of itself change, alter, or supersede the contract evidenced by the face of the note; and in a suit against the surety, the note is proper evidence to be given to the jury. *Harden* v. *Wolf,* 2 Ind. 31, explained.

PRACTICE.—*Pleading.— Judgment Notwithstanding Verdict.*—Where the answer contains one or more good paragraphs, a judgment notwithstanding the verdict cannot be rendered for the plaintiff.

SAME.—*Instructions.*—In an action on a promissory note, where no general denial is pleaded, and the execution of the note is not disputed, and no evidence is given in support of the affirmative defences pleaded, and where the note sued on has been improperly excluded when offered as evidence by the plaintiff, it is error for the court to instruct the jury to return a verdict for the defendant.

From the Elkhart Common Pleas.

*H. D. Wilson, J. D. Osborn,* and *W. C. Wilson,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellees.

DOWNEY, C. J.—Action by the appellant against the appellees, on a promissory note dated July 30th, 1866, payable two years after date, for seven hundred dollars, at eight per cent. interest from date.   Cole was not found.   The defendant Bucklen answered in five paragraphs.   The first was, that " as he verily believes, the note mentioned in the plaintiff's complaint is not his act and deed."   In the second, he alleged that his name was signed to said note as security for Cole, the principal therein; that on the 29th day of July, 1868, one day before the said note became due, the plaintiff, without the knowledge or consent of this defendant, made and entered into an agreement with the defendant Cole, which was and is indorsed upon said [note, and is in the

words and figures following, to wit: " I hereby agree to pay ten per cent. interest on this note hereafter. July 29th, 1868. M. E. COLE." And the defendant says that in pursuance of the above agreement and alteration of said contract, so made without his knowledge and consent, the plaintiff herein did forbear to collect the said note when the same became due, and did extend the time for the payment thereof for one year, and did receive and accept the payment of ten per cent. as interest on said note ; wherefore the defendant is exonerated from liability on said note. In the third paragraph, the defence is alleged as follows : That his name was signed as surety for the defendant Cole, etc.; that on the 29th day of July, 1868, Cole and the plaintiff made and entered into an agreement by which the plaintiff agreed, in consideration that Cole would increase the rate of interest from eight to ten per cent. per annum, that she, the plaintiff, would forbear to collect the said note when the same became due and would extend the time of payment of said note for the period of one year from said date, which the said Cole then and there promised and agreed to do ; and the defendant avers that in consideration of said agreement, without the knowledge or consent of the defendant, the plaintiff did forbear to collect the said note, and did extend the time of payment thereof for the period of one year, and did receive and accept as the consideration of such forbearance ten per centum interest thereon for one year; all of which was done without the knowledge or consent of this defendant. It is further averred that at the time said agreement was made, the said Cole was a resident of the State of Indiana, and was solvent; that he is now insolvent and a nonresident of the State. In the fourth paragraph of the answer, it is alleged that the defendant is surety for Cole, etc.; the agreement indorsed on the note, of July 29th, 1868, is alleged, and a copy of it is set out as in the second paragraph; and it is alleged that said agreement became a part of the terms of said note, and changed and altered the same, so that the old note became and was merged in the new con-

tract; whereby this defendant is released, and he demands judgment. The fifth paragraph alleged the suretyship of the defendant, which was known to Huff. It alleges also the making of the agreement by the principal to pay ten per cent. interest, indorsed on the note, and sets out a copy of it, which negotiations, alterations, and indorsements, it is alleged, were without the knowledge or consent of this defendant; and he avers that after the said note was altered and endorsed, the same was redelivered to and accepted by the plaintiff, who retained the same and received the enhanced rate of interest agreed upon; that suit was instituted on said note on the 6th day of November, 1869, by said plaintiff, who all the time concealed from this defendant, until long after the institution of this suit, the fact that said indorsement was made as aforesaid; wherefore, by reason of such negotiations, alterations, and endorsements, he says he is exonerated as such surety.

A reply was filed consisting of the general denial and certain special paragraphs. The reply was verified by the oath of the plaintiff. Demurrers were sustained to all the paragraphs of the reply except the general denial.

A trial by jury resulted in a verdict for the defendant Bucklen. The plaintiff moved, successively, for judgment *non obstante veredicto*, for a new trial, and in arrest of judgment; all of which motions were overruled by the court, and exception taken.

The assignments of error are:

1. Overruling the motion for judgment *non obstante veredicto*.

2. Overruling the motion for a new trial; and,

3. Overruling the motion in arrest of judgment.

The motion for judgment notwithstanding the verdict was properly overruled. Without stopping to consider the question as to the sufficiency of the other paragraphs of the answer, we think it clear that those which set up the agreement, in consideration of the promise of the principal to pay an increased rate of interest, to extend day of payment for

a year, and the payment of interest and extension of the time accordingly, without the knowledge or consent of the surety, disclose a valid defence to the action. An agreement to pay an increased rate of interest, made by the principal with the creditor, is a good consideration for the extension of the time of payment, and where the agreement is to extend the time of payment for a definite period without the consent of the surety, will discharge the surety. The third paragraph, not to say anything of the others, sufficiently alleges these essential facts. Where the answer contains one or more good paragraphs, a judgment notwithstanding the verdict cannot be rendered for the plaintiff.

The next alleged error is the overruling of the motion for a new trial.

The first reason stated in the written motion why a new trial should be granted was, that the court refused to allow the plaintiff to read the note in evidence, and charged the jury to find for the defendant. The bill of exceptions shows that the plaintiff offered to read the note in evidence; that the attorney of the defendant objected to the introduction of the note in evidence, for the reason that by the indorsement on the back of it, the note had been changed since its execution, and was not now the note upon which the suit was brought; that there was a material variance between the note offered in evidence and that sued on and described in the complaint. The court sustained this objection and refused to allow the note to be read in evidence; that the court then instructed the jury, that the plaintiff having introduced no evidence, their finding should be for the defendant. An exception was taken to this action of the court by the plaintiff.

We do not regard the contract by the principal in the note shown by the indorsement as of itself sufficient to change, alter, or supersede the contract evidenced by the face of the note. It was the agreement of the principal to pay a higher rate of interest than that mentioned in the face of the note. It does not purport to be an alteration of the

contract evidenced by the face of the note, but only an additional stipulation to which the principal and the creditor only are parties. Had it been upon a separate paper, it would hardly have been supposed to be an alteration of the note. We do not think that the doctrine relating to the alteration of contracts has any application to the case. We are referred to *Harden* v. *Wolf,* 2 Ind. 31, as authority. But it is unlike this case. There, both makers of the note signed the agreement, stipulating that the note was to bear ten per cent. interest, it having previously borne only six per cent. The court said: "We think the contract, made at the date of the note, to pay the same with six per cent. interest, was merged in the new agreement made at the time of the indorsement, and that the note, with the indorsement, imports an agreement to pay the sum therein specified with six per cent. interest to the date of the indorsement, and ten per cent. thenceforward until the note should be paid. The new agreement amounted to the same thing, in effect, as if the note had been cancelled and a new note had been executed bearing ten per cent. interest." If this case is to be regarded as unquestioned authority, which we need not decide, it is clearly distinguishable from the case under consideration, because there both makers of the note signed the stipulation for the increased rate of interest, while in this case, the agreement is signed by only one of them. If, according to the intimation in the above case, the transaction can be regarded as the giving of a new note at the date of the indorsement, then, in this case, the transaction could at most be regarded only as the giving of a new note by the principal to pay the debt with an increased rate of interest. This could not, according to any rule of law with which we are acquainted, be regarded as a satisfaction of the former note, unless there had been an express agreement to that effect. *Tyner* v. *Stoops,* 11 Ind. 22. We cannot regard the indorsement on the note as amounting to either an alteration of the note or a satisfaction of it. It was probably unnecessary, under the issues, for the plaintiff to have offered the note in

evidence, as we view the case, for the reason that the execution of the note was not disputed, nor was there even an unsworn general denial of the complaint on file. The plaintiff was entitled to judgment for the amount of the note, unless the defendant had made good, by his evidence, some defence recognized as sufficient in one or more of the paragraphs of his answer. It was clearly erroneous, however, for the court to instruct the jury that they should find a verdict for the defendant in the absence of any evidence on his part to show any defence. We need not examine any of the other reasons given for a new trial. We may remark, however, that the action of the court on the demurrers to the paragraphs of the answer, and on the demurrers to the paragraphs of the reply, is stated as a reason for a new trial, but is not assigned as error. If counsel are at a loss to know why the question thus presented is not considered, they may consult the numerous cases in this court in which it has been held that the action of the court on demurrers to the pleadings can in no case constitute a valid cause for granting a new trial.

The judgment is reversed, with costs; and the cause is remanded, with instructions to grant a new trial.

BUSKIRK, J., dissents.