## POTTER v. EARNEST.

EVIDENCE.—*Promissory Note.*—In an action on a promissory note, where there is an answer of general denial, if the note be not read in evidence on the trial, there can be no recovery thereon.

From the Wayne Circuit Court.

*T. J. Study*, for appellant.

*G. Holland* and *C. C. Binkley*, for appellee.

DOWNEY, J.—Suit by the appellee against the appellant, on a promissory note. The case is the same as in 45 Ind. 416. On the return of the cause, there was a trial, the general denial and the other paragraphs of answer being in, and a finding and judgment for the plaintiff, a motion for a new trial having been made by the defendant and overruled. A bill of exceptions, professing to set forth all the evidence, is in the record, from which it appears that the note on which the action was founded was not given in evidence. We should regard this as a mere unintentional omission on the trial, did not counsel now insist that the giving in evidence of the note was not necessary to make out the plaintiff's case.

The necessity for giving the instrument in evidence in such a case, although its execution be not denied under oath, is affirmed by several decisions of this court. *Lucas* v. *Smith*, 42 Ind. 103; *Glenn* v. *Porter*, 49 Ind. 500. The existence of such an instrument as that sued on is one thing, and the fact that it was executed by the defendant, and is therefore genuine, is quite another.

Counsel for appellee refer us to *Huff* v. *Cole*, 45 Ind. 300. We do not see anything in that case contrary to the rule laid down in the cases to which we have already referred. Counsel also urge that the necessity for the introduction of the note in evidence was waived by the defendant, as it appears that the defendant began his defence by putting a witness on the stand, and the bill of exceptions shows that the note sued on was handed to the witness, and was there-

fore present at the trial. It is not pretended, however, that the note was read in evidence. On the contrary, it seems to have been the view of counsel then, as it now is, that it was not necessary that it should be read in evidence.

We think there was no waiver.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.