The Logansport, Crawfordsville and Southwestern R. W. Co. *v.* Braden.

The judgment is reversed, with costs; and the cause is remanded, with instructions to grant a new trial, and to allow an amendment of the complaint, if requested.

———————•——————

## THE LOGANSPORT, CRAWFORDSVILLE AND SOUTH-WESTERN RAILWAY CO. *v.* BRADEN.

EVIDENCE.—*Promissory Note.—Justice of the Peace.*—On the trial of an action commenced before a justice of the peace, where there is no answer, the defendant has the benefit of the general denial; and if the action be upon a promissory note, the plaintiff cannot recover if the note be not given in evidence.

From the Montgomery Circuit Court.

*R. B. F. Peirce*, for appellant.

*L. Wallace* and *G. D. Henley*, for appellee.

DOWNEY, J.—The appellee sued the appellant on a promissory note, before a justice of the peace, took out an attachment against the property of the company, and a writ of garnishment against one Alba H. Braden.

The plaintiff recovered before the justice of the peace, and had judgment sustaining the attachment and against the garnishee.

Upon trial by the court, on appeal, there was a finding for the plaintiff, as to the issue in the main action, and sustaining the attachment and also the garnishment. A motion for a new trial was made by the defendant, on the grounds that the finding was not sustained by sufficient evidence, and was contrary to law.

The motion was overruled, and there was final judgment for the plaintiff.

The error here assigned is the overruling of the motion for a new trial.

We are not aided by a brief from counsel for the appellee. The evidence is all in the record, and we think it fails to make out the plaintiff's case. The promissory note, on which the action was brought, was not given in evidence. This was necessary.

The defendant had the benefit of the general denial, without pleading it; and that being the case, the note was an essential part of the evidence to sustain the plaintiff's action. *Lucas* v. *Smith,* 42 Ind. 103, and cases cited.

The evidence was all addressed to the question as to the ground of attachment. That question we need not decide, as the judgment must be reversed for the reason already stated.

The judgment is reversed, with costs, and the cause remanded for a new trial.