## BUCKLEN v. HUFF.

PRINCIPAL AND SURETY.—*Extension of Time of Payment.—Alteration of Written Instrument.*—Where, by agreement between the maker and payee of a promissory note bearing eight per cent. interest, without the knowledge or consent of a surety thereon, in consideration that the payee would extend the time for the payment of the note for an indefinite period after its maturity, until he should demand payment, the maker endorsed on the note the following: "I hereby agree to pay ten per cent. interest on this note hereafter," dated the day before the maturity of the note, and signed by the maker; and, in pursuance of the agreement, the payee did extend the time for a long period after the maturity of the note;

*Held,* that the new contract, viewed as a contract for the extension of time, did not discharge the surety.

*Held,* also (BIDDLE, J., dissenting), that said agreement endorsed on the note was not a merger and abrogation of the contract contained in the note in respect to the payment of interest, or such an alteration of the original contract as would discharge the surety in an action on the original contract.

SAME.—*Alteration of Note.—Spoliation.—Negligence of Payee.*—Where, a short time before the maturity of a promissory note bearing eight per cent. interest, the payee required the payment of ten per cent. interest for such time as the note should run after maturity; and the maker thereupon altered said note, so as to make it stipulate that it should bear interest at the rate of ten per cent., instead of eight per cent.; and the payee, being unable to write or read writing, and having no knowledge of the alteration thus made, and not assenting thereto, received the note again from

the maker and retained it after maturity, receiving from the maker the increased rate of interest, without knowledge of said alteration or assent thereto;

*Held,* that the alteration was a mere spoliation of the note, and did not affect the payee's right to recover on the note as it existed before the spoliation, against a surety thereon, and the payee could not be regarded as guilty of such negligence as would deprive him of such right to recover.

From the Elkhart Circuit Court.

*J. H. Baker* and *J. A. S. Mitchell*, for appellant.

*H. D. Wilson, J. D. Osborn, R. M. Johnson* and —— *Herr*, for appellee.

WORDEN, J.—This was an action by the appellee against the appellant and one Myron E. Cole, upon a note, of which the following is a copy, viz.:

"ELKHART, IND., July 30th, 1866.

"Two years after date, I promise to pay to the order of Mary Huff seven hundred dollars, with interest, payable annually, at the rate of eight per cent.; value received, without any relief from valuation and appraisement laws.

"MYRON E. COLE.

"ISAAC BUCKLEN, Security."

Answer by Bucklen, issue, trial by jury, verdict and judgment for plaintiff.

The points relied upon by counsel for the appellant, for a reversal, are the sustaining of a demurrer to the second paragraph of his answer, and the overruling of a demurrer to the third paragraph of plaintiff's replication to the third paragraph of the answer.

The following are the pleadings involved:

The second paragraph of the answer admits the execution of the note by the defendant, as the surety of Cole, but alleges, that "the plaintiff, without the knowledge or consent of this defendant, on the 29th day of July, 1868, made and entered into a new agreement with the said Cole, whereby it was mutually agreed between the plaintiff and the said Cole, that, in consideration that the said Cole would enter into a valid and binding agreement with the plaintiff

to pay ten per cent. interest for the use of the money which was the consideration of said note, from that date, the plaintiff would extend the time for the payment of said note for an indefinite period, until she should thereafter demand said money; and this defendant says that, in pursuance of said agreement, the said note was, without the knowledge, consent and agreement of the plaintiff" [defendant?], "altered and changed in a material part thereof, by writing on the back thereof the following agreement:

. "'I hereby agree to pay ten per cent. interest on this note hereafter.    July 29th, 1868.            M. E. COLE.'

"Which alteration and agreement was so made without the knowledge or consent of this defendant; and this defendant says that said writing and agreement so made and endorsed on said note was made with the mutual intention and especial agreement by and between said plaintiff and Cole of changing the same note from a note stipulating for and drawing eight per cent. interest to a note stipulating for and drawing ten per cent. interest, and was made with the mutual intention of conforming said note to said new agreement, it being mutually agreed and especially contracted, that from the time of the making of said endorsement the stipulation contained in the face of said note, calling for eight per cent. interest, should be abrogated and discharged by said alteration endorsed on said note.

"And this defendant says that after said alteration and agreement were so made, said note was, and was intended to be, by said plaintiff and defendant Cole, a contract for ten per cent. interest, and said contract and stipulation in said note for eight per cent. interest was, by the mutual consent and agreement of said Cole and plaintiff, abrogated, satisfied and merged into said new agreement above mentioned; that said Cole, in pursuance of said new agreement, retained the use of said money for more than a year after the making of said alteration and agreement, during all of which time the plaintiff demanded and received ten per cent. interest on said note, which interest was demanded and paid

in pursuance of said alteration and new agreement; that the plaintiff, in her complaint in this behalf filed, claims and demands interest according to the terms of said new contract endorsed on said note; that at the time said new agreement was made, the said Cole was a resident of the State of Indiana, and was solvent, and that from the time of the commencement of this suit until now, the said Cole was and still remains insolvent; that all of the agreements, alterations and payments aforementioned were without the knowledge or consent of this defendant; wherefore," etc.

The third paragraph of the answer admits the execution by defendant of the note as set out in the complaint, as the surety of Cole, but alleges, that "the plaintiff, on the 29th day of July, 1868, demanded of the defendant Cole ten per cent. interest for the use of the money which was the consideration of said note, from thence forward, so long as he should keep the same; that in pursuance of said demand, the said Cole altered said note in a material part thereof, in this, that said note was made to stipulate for and draw ten per cent. interest, instead of eight per cent.; that after said note was so altered by the said Cole, the said plaintiff received the same into her custody, and thereafter, in accordance with said change so made, demanded and received said enhanced rate of interest; that said alteration so made was made without the knowledge, consent or acquiescence of this defendant; that after said alteration so made as aforesaid, the said plaintiff retained the said note, and permitted the said Cole to retain the said money for more than one year, receiving thereon ten per cent. interest, and in all respects treating said note as a note drawing ten per cent. interest, of all which this defendant was ignorant; wherefore," etc.

The third paragraph of the replication avers, "that she, the plaintiff, cannot, and could not at the date of the alleged alteration of said note, read writing nor write, and did not, at the time, nor since then, have any knowledge of the alteration so charged to have been made; that she never gave her assent to any alteration or change of the same, and never

notified [ratified?], or in any manner consented to change
the said contract evidenced by said note, and, if such altera-
tion has been made, it was done without her knowledge or
consent."

We may remark, before proceeding to the main question
involved in the second paragraph of the answer, that the alle-
gation therein, that the plaintiff by her complaint " demands
interest according to the terms of said new contract endorsed
on said note, " is hardly supported by the complaint.

The complaint counts upon the note as it was origi-
nally executed, according to the copy set out, without any
allusion or reference to the new contract endorsed upon it.
It alleged that there was interest due on the note to the
amount of seventeen dollars and fifty cents, a sum much less
than would accrue at the rate of eight per cent. from the
maturity of the note until the suit was brought.

There is nothing in the complaint which indicates that the
plaintiff sought any advantage from the new contract.
There are some allegations in the paragraph, as to what
was mutually agreed and understood by the parties as to the
legal effect of the new contract endorsed upon the note,
which can have but little or nothing to do with the question
involved.    The force and legal effect of the contract must be
determined from the contract itself, and not from the under-
standing or cotemporaneous agreements of the parties not
embraced in the terms of the contract.

The material allegations of the paragraph are, that in con-
sideration that the plaintiff would extend the time for the
payment of the note for an indefinite period, until she should
thereafter demand the money, Cole made the agreement
endorsed on the note, without the knowledge or consent of
the defendant, and that in pursuance of the agreement the
plaintiff did extend the time, etc.

The new contract, viewed merely as a contract for the
extension of time, did not discharge the surety, because no
definite time of extension was agreed upon.

The plaintiff's hands were never for an instant tied up;

she could have commenced an action on the note immediately upon its becoming due, without violating any stipulation on her part. Where such is the case, the authorities are clear that the surety is not discharged by extension of time. *Menifee* v. *Clark*, 35 Ind. 304.

But it is urged by counsel for the appellant that the new contract, endorsed upon the note, was a merger and abrogation of the contract contained in the note to pay interest at the rate of eight per cent., and was therefore such an alteration of the original contract as discharges the surety. The case has been once before in this court, *Huff* v. *Cole*, 45 Ind. 300, when the court said upon this point, "We do not regard the contract by the principal in the note, shown by the endorsement, as of itself sufficient to change, alter, or supersede the contract evidenced by the face of the note.

"It was the agreement of the principal to pay a higher rate of interest than that mentioned in the face of the note. It does not purport to be an alteration of the contract evidenced by the face of the note, but only an additional stipulation to which the principal and the creditor only are parties. Had it been upon a separate paper, it would hardly have been supposed to be an alteration of the note."

We see no reason to change the conclusion then arrived at. There are reasons which we think are conclusive that the new contract did not merge or abrogate the old, in respect to payment of interest. If the new contract merged the old, in respect to the payment of interest, that result was effected the moment the endorsement was made on the note. If that result was not then brought about, it was not afterwards by the actual extension of time. But we have seen that the plaintiff did not stipulate for any definite extension of time. She might have brought her action at once, upon the note's falling due, and have recovered in accordance with its terms; for in that case she would not have granted the contemplated extension, which was to be the sole consideration for the new agreement. If she might have then brought her action upon the note, and have recovered according to its

terms, because the old agreement as to interest was not merged in the new, she may do it now. No event has occurred, subsequent to the endorsement, that would effect such merger of the old contract in the new.

We are of opinion that the paragraph was bad, and the demurrer to it correctly sustained.

· We are also of the opinion that the court committed no error in overruling the demurrer to the replication to the third paragraph of answer.

From the answer and the replication it may be gathered that, a day or two before the note matured, the plaintiff required the payment of ten per cent. interest for such time as the note should run after maturity; and it may be assumed that the plaintiff had the note present at an interview which she had with Cole on the subject; that Cole was willing to pay the ten per cent., and thereupon took the note and made the alleged alteration; that the plaintiff could not write or read writing, and had no knowledge of the alteration thus made, and did not assent thereto; that she received the note back from Cole, not knowing of or assenting to the alteration which he had made, and afterwards received from him the rate of interest which she had required.

This, in our opinion, was a mere spoliation of the instrument, and did not affect the plaintiff's right to recover upon it, as it existed before such spoliation. 1 Greenl. Ev. sec. 566. Nor do we think the plaintiff was guilty of any such negligence in the premises as would deprive her of the right thus to recover.

Error is assigned by the appellant upon the overruling of a motion made by him for a new trial, but no notice is taken of it in the brief of his counsel.

We find no error in the record.

The judgment below is affirmed, with costs and five per cent. damages.

Bucklen *v.* Huff.

## ON PETITION FOR A REHEARING.

BIDDLE, J.—I am constrained to dissent from the majority of the court in overruling this petition for a rehearing. It seems to me that the decision of the case is placed upon a wrong ground.

I concur with the opinion of the court in holding that the endorsement upon the note is not a valid agreement to extend the time of payment, and thereby discharge the surety; but, in my judgment, it is a merger of the note which the surety signed, and, thereby he is discharged from all liability. There is a clear distinction between giving time on a contract and changing its terms.

That the agreement upon the back of the note, in these words: "I hereby agree to pay ten per cent. interest on this note hereafter," and signed by the maker, was obligatory between the maker and the payee, has been fully settled by this court. The case of *Harden* v. *Wolf*, 2 Ind. 31, was founded on a note made by Harden and Hall, payable on the 25th day of November, 1841, with interest at the legal rate.

Upon the back of the note was endorsed the following agreement:

"November 29th, 1841.

"It is agreed that the within is to bear at the rate of ten per cent. HARDEN & HALL."

In deciding this case, the court say:

"We think the contract, made at the date of the note, to pay the same with six *per cent.* interest, was merged in the new agreement made at the time of the indorsement, and that the note, with the indorsement, imports an agreement to pay the sum therein specified with six *per cent.* interest to the date of the indorsement, and ten *per cent.* thenceforward, until the note should be paid. The new agreement amounted to the same thing, in effect, as if the note had

VOL. LIII.—31

been cancelled and a new note had been executed bearing ten *per cent.* interest."

And this case is cited and approved in *Beckner* v. *Carey,* 44 Ind. 89. Beckner had made two notes to Mahan for one thousand dollars each, payable with interest at six per cent. Afterwards, the following contract was endorsed on each of the notes:

"I do agree to pay (ten) 10 per cent. interest on the within note, from the 25th day of December, 1869, until paid. JACOB BECKNER."

This court held that the original notes were merged in the new ones, and became notes payable with interest at the rate of ten per cent., instead of six. In these two cases there is no right of a surety involved, but they establish the law as to merger of contracts, which is supported uniformly by both English and American authorities. I think, therefore, that in the case we are considering, when the agreement was endorsed upon the original note, it became a new note, as effectually as if it had been written on a separate piece of paper and the old note destroyed. When there is a merger, the surety on the original note is necessarily discharged, and the payee cannot abandon the new contract and hold the surety on the old one, after it has been merged. The same contract cannot be two contracts, nor can it be either the one or the other as the payee chooses.

In the case of *Schnewind* v. *Hacket,* decided at the present term of this court, March 7th, 1877, it was held that when, by an agreement between the maker and the payee, the words "at ten per cent." were added in the face of the note, immediately after the words "with interest,"—thus changing the rate of interest which the note bore from six per cent. to ten per cent.—this discharged the surety; and the previous rulings of this court upon the same question were cited and approved. Now, what legal difference there can be between an agreement written in the face of a note, and an agreement to the same effect written upon the back of a note, I cannot

perceive; and this is the only difference between the two cases.

In this case, as I view it, a rehearing should be granted, the judgment reversed, the cause remanded and the surety discharged.