### BOWERS ET AL. *v.* THE STATE, EX REL. CLARK.

NEW TRIAL. — *Cause for.* — *Official Bond.* — *Constable.* — *Evidence.* — In an action upon the official bond of a constable, conditioned that such constable would faithfully discharge the duties of his office, the failure of the plaintiff to offer the bond in evidence affords the defendant a sufficient ground for a new trial, as such bond is an indispensable part of the plaintiff's evidence.

From the Howard Circuit Court.

*W. M. Waters, M. Bell* and *M. McDowell,* for appellants.

HOWK, C. J.—In this action the appellee's relatrix sued the appellants upon an official bond, executed by them and conditioned, *inter alia,* that the appellant Bowers would honestly and faithfully discharge and perform all and singular his duties, as a constable of Honey Creek township, in Howard county, during his continuance in office. The appellants answered the complaint of the appellee's relatrix by a general denial thereof. The issues joined were tried by a jury, and a general verdict was returned for the relatrix, assessing her damages in the sum of seventy-five dollars. The appellants' motion for a new trial having been overruled and their exception entered to the ruling, judgment was rendered by the court on the verdict.

The overruling of their motion for a new trial is the only error assigned by the appellants in this court. Among the causes assigned by the appellants for such new trial, in their motion therefor, was this : "The verdict of the jury is not sustained by sufficient evidence." This cause for a new trial was well assigned. The official bond sued upon was an indispensable part of the appellee's evidence on the trial of this action. This bond was not given in evidence, nor was its absence in any manner accounted for; nor was any cause, reason or excuse assigned or shown for the omission to put it in evidence. We may well suppose that this omission was the result of mistake or oversight, but it is none the less fatal to the case. The verdict was not sustained by sufficient evidence, and for this cause the motion for a new trial ought to have been sustained by the court. *Lucas* v. *Smith*, 42 Ind. 103 ; *The Logansport, etc., R. W. Co.* v. *Braden*, 53 Ind. 234 ; and *Miller* v. *The State*, 63 Ind. 219.

The judgment is reversed, at the costs of the appellee's relatrix, and the cause is remanded, with instructions to sustain the appellants' motion for a new trial, and for further proceedings.