Filed Jan. 21, 1892.

## No. 334.

## HIGMAN v. HOOD ET AL.

PRACTICE.— *Written Contract.—Introduction of in Evidence.*—When a written contract is the basis of an action, there must be evidence of the existence of such contract to authorize a verdict.

SAME.—*Evidence.—New Trial.*—The refusal of the court to permit the introduction of certain evidence presents no question on appeal unless such refusal is assigned as one of the reasons for a new trial.

REAL ESTATE.—*Action to Recover Commission.—Instructions to Jury.*—In an action based upon a contract to recover a real estate commission, the following was a proper instruction to the jury: " Under the contract sued upon the plaintiff undertook to effect a sale or exchange of the property, or procure a purchaser therefor, and to entitle him to recover it is necessary for him to prove that he found a purchaser ready and willing to purchase the property on the terms provided for in the contract."

From the Henry Circuit Court.

*J. Brown, W. A. Brown* and *W. H. Hickman,* for appellant.
*M. E. Forkner* and *W. O. Barnard,* for appellees.

ROBINSON, C. J.—The appellant commenced this action against the appellees for commission alleged to be owing him from the appellees upon a sale of real estate owned by the appellees in the city of Muncie, Indiana, made by the appellant as the agent of the appellees. The complaint is in two paragraphs. The first paragraph was upon a written contract executed by the appellees to a firm of real estate agents in the city of Muncie, of which firm the appellant was the successor, and as such became the owner of said contract, which was filed with and made a part of the complaint.

The second paragraph was for services rendered as a real estate agent for the appellees at their special instance and request.

The answer was general denial. There was a trial by a jury resulting in a verdict for the appellees. Appellant moved for a new trial, which was overruled and exception taken. Judgment was rendered upon the verdict.

The only error assigned is the alleged error of the court in overruling the motion for a new trial.

The evidence is in the record. Before proceeding to determine the questions presented by the motion for a new trial, it is proper to say that the appellant failed to introduce any evidence to sustain the second paragraph of the complaint, and it is clearly apparent that the trial in the circuit court proceeded upon the theory of the written contract declared upon in the first paragraph of the complaint, and that the right of recovery upon the second paragraph was not considered. In fact, it is clearly shown by the record that the remedy of the appellant was upon the written contract and not upon the *quantum meruit*. Therefore the case will be considered under the first paragraph of the complaint.

It is conceded by counsel for the appellant that the written contract declared on in the first paragraph of the complaint was not put in evidence, and was not before the jury on the trial of the cause, and that such was not done clearly

appears by an examination of the evidence.    This being so, there could have been no recovery for the appellant.    Where a written contract is the basis of an action, there must be evidence of the existence of such contract to authorize a verdict.    *Lucas* v. *Smith,* 42 Ind. 103 ; *Glenn* v. *Porter,* 49 Ind. 500 ; *Potter* v. *Earnest,* 51 Ind. 384 ; *Schlosser* v. *State, ex rel.,* 55 Ind. 82.

In this case, as the trial proceeded under the first paragraph in the complaint, and as the appellant failed to introduce in evidence to the jury the contract sued on—no matter what the evidence was,—the verdict for the appellee was sustained by the evidence.    Even if the appellant was otherwise entitled to recover, there was a failure of proof.

Counsel for the appellant discuss a number of alleged errors in the court in refusing to permit appellant to introduce certain evidence, but no available error is saved in this court on this account.

The motion for a new trial assigns no cause for excluding evidence.    Among the causes assigned in the motion for a new trial, numerous causes are assigned because of the ruling of the court in permitting certain evidence to be introduced by the appellee over the objection and exceptions of the appellant.    Some parts of the evidence thus objected to are pointed out in argument.    It is unnecessary to here state the evidence thus excepted to and argued as being erroneous, for the reason that in the main it was competent, and that of which there was any doubt could not have harmed the appellant.    Among the instructions the court gave the following :

" No. 5.    Under the contract sued upon the plaintiff undertook to effect a sale or exchange of the property, or procure a purchaser therefor, and to entitle him to recover it is necessary for him to prove that he found a purchaser ready and willing to purchase the property on the terms provided for in the contract."

We do not think the objection urged to this instruction

by the appellant tenable. The instruction was doubtless given by the court under the impression that the contract sued on had been given in evidence. In looking to the contract, made a part of the complaint, the instruction was clearly correct. No other questions saved in the record have been discussed.

Judgment affirmed, with costs.

Filed Feb. 2, 1892.