## WEBB v. HAMMOND.

[No. 4,458.   Filed November 17, 1903.]

REFORMATION OF INSTRUMENTS.—*Contract.*—*Complaint.*—A complaint, in a suit to reform a contract, which contains a succinct statement of the contract as intended by the parties, and the agreement actually reduced to writing and signed, and pointing out the differences between the contract agreed upon and the one alleged to have been signed by mistake, is sufficient to withstand a demurrer.   *p. 617.*

SAME.—*Rule of Equity.*—Equity will reform a written contract whenever through mutual mistake, or the mistake of one of the parties accompanied by fraud of the other, it does not, as reduced to writing, correctly express the agreement of the parties.   *p. 617.*

APPEAL.—*Review of Evidence.*—In all cases not triable by a jury, the appellate tribunal, under §8 of the act of March 9, 1903 (Acts 1903, p. 341), will consider the weight and sufficiency of the evidence. *p. 619.*

REFORMATION OF INSTRUMENTS.—*Contract.*—*Sufficiency of Evidence.*— In a suit to reform a written contract, the proof is insufficient to sustain a judgment for plaintiff, where the provisions of the contract sought to be reformed were not proved.   *p. 619.*

APPEAL.—*Review of Evidence.*—*Pleadings as Evidence.*—Pleadings will not be considered as a part of the evidence on appeal, unless as shown by the record, they were introduced as evidence at the trial. *p. 620.*

From Superior Court of Marion County (62,210);  *Vinson Carter*, Judge.

Suit by Catharine J. Hammond against Mary A. Webb and husband.   From a judgment for plaintiff, defendant Mary A. Webb, appeals.   *Reversed.*

*F. E. Gavin, T. P. Davis* and *J. L. Gavin*, for appellant. *W. N. Pickerill*, for appellee.

WILEY, J.—Action by appellee against appellant to reform a contract and to recover a sum of money alleged to have been paid under such contract.   Demurrer to the complaint overruled, and answer in denial.   Appellant filed a cross-complaint asking affirmative relief, upon which issues were joined by answer.   Trial by the court, finding

and judgment for appellee, motion for a new trial over-ruled.

Overruling the demurrer to the complaint and the motion for a new trial are assigned as errors.

The complaint avers that the appellant and appellee are sisters, being daughters of Robert Roe, deceased. By the will of the deceased, appellant and appellee were each devised twenty-six and two-thirds acres of land in the north-east quarter of section eighteen, township sixteen, range four, in Marion county, Indiana; that deceased had three daughters and two sons, to the latter of which he devised forty acres of land each, and to his three daughters twenty-six and two-thirds acres each. This division of land by will was made upon the basis that there were only 160 acres in the quarter section; that upon a survey of the land it was ascertained that there were 164 64-100 acres, and that the actual area of land devised to appellee and her two sisters was twenty-seven and forty-four hundredths acres; that said division of land under the will was made into strips running entirely across said quarter section east and west; that the several tracts of land so devised were surveyed at the instance of all the parties in interest, and that each of the devisees thereupon went into possession of their respective tracts. The complaint avers that appellee being desirous of acquiring the interest of appellant in the partition of the real estate devised to her lying east of the Allisonville gravel road, upon which were located the buildings of the "Home farm," she entered into a written contract with appellant, by the terms of which appellee was to deed to appellant the land which had been devised to her west of said gravel road, and appellant was to deed to appellee that portion of the land devised to her, lying east of said road; that it was further agreed that both of said tracts were to be surveyed, their differences in area ascertained, if any, and the one having the greater area was to receive from the other for such excess, payment therefor at the

Webb *v.* Hammond.

rate of $150 per acre; that appellee was also to pay the appellant the sum of $250 for the buildings which were then known to be located upon that portion of the land devised to appellant, lying east of said road; that thereupon they signed a written contract which they both believed to express what they had mutually agreed upon; that pursuant to the agreement, as they understood it, they had the two tracts of land surveyed—*i. e.,* appellee's tract west of said road and appellant's tract east of said road—and the difference given them was three and ninety-seven hundredths acres which appellant's land exceeded in acreage that of appellee's; that upon said survey as reported to them by the surveyor appellee paid to appellant $595.50 for said supposed excess, and also paid to her $250 for the buildings located on that part of the real estate owned by appellant lying east of said gravel road; and thereupon they exchanged deeds in carrying out the supposed terms of the contract between them.  It is then averred that the actual difference between said two tracts of land was two and seventy-four hundredths acres, instead of three and ninety-seven hundredths acres, as was learned from the surveyor who had surveyed the same, and that appellee paid to appellant for one and twenty-three hundredths acres more than was actually conveyed to her, being the sum of $184.50 too much money; that said error was the result of a miscalculation of said surveyor; that appellee thereupon demanded of appellant that she rectify said error, and refund to her said sum of $184.50, which she refused to do.

The complaint further avers that the contract as written provides that appellant and appellee agreed to convey lands as follows:   That appellant was to convey to appellee the land which the former owned on the east side of the Allisonville gravel road, as well as the land which the latter herself owned on the east side of said road, and which she held by devise under the will of her father, and that appellee was to convey to appellant not only the land which

appellee owned on the west side of said road, but also the land which appellant owned on the west side of said road, which she already owned by devise from her father; that said contract as written required of the parties thereto to pay to the other the difference between said tracts of land at the rate of $150 per acre, thus causing appellee to pay to appellant for land which she (appellee) already owned, at the rate of $150 per acre. It is also alleged that the contract as written was and is not what the parties thereto had agreed upon and intended it should be, and that the signing of said contract was done under a misapprehension of what it really was and what was really set out therein, and was a mistake of fact, and not of law, and was the mutual mistake of all the parties thereto; that all of the negotiations prior to the signing of said contract were as to what amount appellee should pay appellant for the buildings on that portion of the land east of said road which appellant was to convey to appellee, and the price per acre that should be paid for the difference in the acreage; that in the settlement which they entered into appellant and appellee acted under the belief that such was their agreement and understanding; that the contract, as appellee claims it should be, was attempted to be carried out in good faith by each of the parties; that appellee did not know of the mistake the surveyor had made in determining the difference in the acreage of said tract of land until a settlement had been made and the money paid as hereinafter stated. The contract as written is made an exhibit to the complaint. The prayer of the complaint is that the contract be reformed so as to express the agreement between the parties, and for judgment for the amount claimed to have been overpaid by appellee.

The theory of the complaint is that, as each of the parties owned land on both sides of the road, the appellee agreed to deed to appellant her part on the west side in consideration that appellant should deed to appellee her tract

on the east side, and one party should pay to the other $150 an acre for the excess, if any, in the acreage; while it is the theory of the cross-complaint that one party should pay to the other $150 an acre for the excess in area, of the entire acreage on either side of the road, and that the excess in acreage now owned by appellee under the contract and conveyance is five and forty-three hundredths acres, and that appellee had failed to pay the amount due by $219. If appellant's theory is correct, the terms of the contract required appellee to pay to appellant $150 per acre for the excess in the acreage of her tract on the east side of the road, which she already owned under the will.

The first question for decision is, are the facts pleaded in the complaint sufficient to warrant a reformation of the contract? A complaint to reform a contract, to be good as against a demurrer, must set forth the terms of the original agreement, and also the agreement as reduced to writing, and point out with clearness wherein the mistake was made. It must also aver that the mistake was mutual. *Smelser* v. *Pugh,* 29 Ind. App. 614; *Citizens Nat. Bank* v. *Judy,* 146 Ind. 322.

The complaint before us contains a clear and succinct statement of the contract as actually made, understood, and intended by the parties to be reduced to writing, and the agreement actually reduced to writing and signed by them. The material differences between the contract as actually made and agreed upon and the one signed by the parties are clearly and specifically stated, and, as the demurrer admits the facts pleaded, the conclusion necessarily follows that the mistake was mutual. *Smelser* v. *Pugh, supra; Keister* v. *Myers,* 115 Ind. 312; *Roszell* v. *Roszell,* 109 Ind. 354; *Baker* v. *Pyatt,* 108 Ind. 61.

The established rule is that equity will reform a written contract whenever, through mutual mistake, or the mistake of one of the parties accompanied by fraud of the other, it does not, as reduced to writing, correctly express the agree-

ment of the parties. *Smelser* v. *Pugh, supra; Citizens Nat. Bank* v. *Judy, supra.*

There is no element of fraud in this case. Equity requires an amendment to a contract in writing that will make the instrument what the parties supposed and intended it should be. *Eastman* v. *Provident Mut. Relief Assn.,* 65 N. H. 176.

In *Citizens Nat. Bank* v. *Judy, supra,* at page 342, the court quotes with approval from *Walden* v. *Skinner,* 101 U. S. 577, 25 L. Ed. 963, the following: "That where an instrument is drawn and executed that professes or is intended to carry into execution an agreement, which in writing or by parole, previously made between the parties, but which by mistake of the draftsman, either as to fact or law, does not fulfill, or which violates the manifest intention of the parties to the agreement, equity will correct the mistake so as to produce a conformity of the instrument to the agreement. The reason of the rule being that the execution of agreements fairly and legally made is one of the peculiar branches of equity jurisdiction, and if the instrument intended to execute the agreement be from any cause insufficient for that purpose, the agreement remains as much unexecuted as if the party had refused altogether to comply with his engagement, and a court of equity will, in the exercise of its acknowledged jurisdiction, afford relief in the one case as well as in the other by compelling the delinquent party to perform his undertaking according to the terms of it and the manifest intention of the parties."

That which is reduced to writing is not the whole and sole agreement, but the stipulations between competent contracting parties constitutes the contract, while the writing is only evidence of the agreement or the coming together of minds. *Sparta School Tp.* v. *Mendell,* 138 Ind. 188.

The basis upon which appellee seeks to have the contract reformed is that it does not express the agreement entered into, and the complaint plainly and specifically

states what the agreement between the parties was, and avers that the written contract was made and signed by mutual mistake. The complaint also shows how appellee's rights were prejudiced by that mistake. In addition to the above authorities as to what facts a complaint to reform a contract must state to be good, we cite the following: 20 Am. & Eng. Ency. Law, 720; *Phenix Ins. Co. v. Rogers,* 11 Ind. App. 72; *Wood v. Deutchman,* 75 Ind. 148; *Nelson v. Davis,* 40 Ind. 366; *Easter v. Severin,* 78 Ind. 540; *Thompsonville Scale Mfg. Co. v. Osgood,* 26 Conn. 16; Pingrey, Mortgages, §270.

Counsel for appellant urge some objections to the complaint which, in the light of the authorities, we do not deem necessary to consider. The complaint states a cause of action, and the demurrer to it was rightfully overruled.

Appellant's motion for a new trial was based upon the ground that the finding of the court was contrary to law, and not sustained by sufficient evidence, and that the court erred in admitting and excluding certain evidence.

In all cases not triable by a jury the appellate tribunal, under the act approved March 9, 1903 (Acts 1903, p. 338), will consider and weigh the evidence, under a proper assignment of error.

It is also the province of the court to consider and determine the sufficiency of the evidence. *Habbe v. Viele,* 148 Ind. 116; *Lake Erie, etc., R. Co. v. Stick,* 143 Ind. 449; *Wabash Paper Co. v. Webb,* 146 Ind. 303.

One of the essential requisites to a complaint to reform a written instrument is that it should set out the instrument as written. This is a necessity, for without the written contract the court would have nothing before it as a basis of reformation. It being necessary to set out in the complaint the contract for which a reformation is sought, it is equally necessary that such contract must be proved by competent evidence; and, in the absence of a showing that it has been lost or can not be produced, or

some other legitimate reason, the best evidence is the contract itself. The general rule is that a party must introduce the best evidence in support of his case that is at his command. Every fact pleaded which is essential to a recovery by the party upon whom rests the burden must be proved, otherwise he fails to make out his case.

In this case appellee failed to prove the provisions of the written instrument which she asks to be reformed. Such written instrument was not introduced in evidence, does not appear in the bill of exceptions, and no proof of its loss or destruction was made. There is no evidence as to its contents. Counsel for appellee concede this, but seek to avoid its absence from the record by the assertion that the pleadings of a case are always in evidence. It has time and again been held in this jurisdiction that courts of appeal can only consider such facts as are properly certified as evidence. If the proposition relied upon by appellee is correct, then in an action upon a promissory note, where such note or a copy has been filed with the complaint, a recovery could be had without introducing the note in evidence. This is not the law. In an action against the maker of a promissory note alleged to have been assigned by written indorsement there can be no recovery, if the general denial is in, without proof of such indorsement. *Shonkwiler* v. *Dunavin,* 1 Ind. App. 505; *Moore* v. *Hubbard,* 15 Ind. App. 84.

In an action upon an official bond the bond itself is an indispensable part of the plaintiff's evidence. If the bond is not put in evidence, nor its absence accounted for, nor any cause, reason, or excuse shown for the omission to put it in evidence, its omission is fatal to the party having the burden. *Bowers* v. *State, ex rel.,* 69 Ind. 60. See, also, *Higman* v. *Hood,* 3 Ind. App. 456; *Lucas* v. *Smith,* 42 Ind. 103.

In *Citizen's Nat. Bank* v. *Judy, supra,* it was held that in an action to reform a written contract the party alleging

the mistake holds the affirmative, must satisfy the court beyond a reasonable doubt that the agreement he claims to have made was in fact made between the parties, and that a mistake has occurred in reducing such agreement to writing. See also *Martin* v. *Bennett,* 26 Wend. 169; *Koen* v. *Kerns,* 47 W. Va. 575, 35 S. E. 902; *Boyertown Nat. Bank* v. *Hartman,* 147 Pa. St. 558, 30 Am. St. 759; *Insurance Co.* v. *Nelson,* 103 U. S. 544.

We are asked to affirm a judgment reforming a contract, when the instrument to be reformed is not before us, and, so far as the record shows, was not before the trial court. This we can not do. The evidence, as certified to us, and which we must accept as being correct, and all the evidence given at the trial, is insufficient to support the finding and judgment, in that there is a total absence of any evidence as to what the contract, as written, was.

This conclusion makes it unnecessary to consider other questions presented by the motion for a new trial.

Judgment reversed, and the court below is directed to sustain appellant's motion for a new trial.