FERRIS REALTY, INC. *v.* ABCO SIGNS, INC.

[No. 19,547. Filed May 16, 1962. Rehearing denied June 26, 1962. Transfer denied March 19, 1964.]

*Henry M. Coombs* and *Frank E. Spencer,* both of Indianapolis, for appellant.

*Key, Latham & Strawbridge, Sheldon A. Key, Smith & Jones, John T. Hume III, Grabill & Baker* and *Henry W. Blue,* all of Indianapolis, for appellee.

## DISSENTING OPINION

JACKSON, J.—This case comes to us on a petition to transfer from the Appellate Court under Acts 1933, ch. 151, §1, p. 800, being §4-215, Burns' 1946 Replacement.

See: *Ferris Realty, Inc.* v. *ABCO Signs, Inc.* (1962), 182 N. E. 2d 456, for the opinion of the Appellate Court.

Transfer was denied and from such denial I hereby dissent. This was an appeal from a judgment of the Marion Superior Court, Room 5, in an action for a breach of contract on an alleged guaranty. The trial court held for the plaintiff, appellee herein, and entered judgment against the defendant, appellant herein, in the sum of $1,396.00.

The plaintiff corporation alleged the execution of a written contract with two persons known as Billy Ginn and Wah Lee doing business as the Golden Dragon, by the terms of which the plaintiff corporation agreed to furnish and maintain a certain sign described in said alleged written contract. It is noteworthy that neither Ginn or Lee are parties to the action. The plaintiff alleged that the defendant corporation had induced plaintiff to enter into said contract by the execution of a written guaranty, guaranteeing the performance of the contract, the defendant denied such guaranty and put plaintiff corporation on its proof as to the material allegations of the complaint in respect thereto. In view of the fact that plaintiff's action herein is predicated on an alleged written contract, a copy of which contract is attached to and made a part of plaintiff's complaint and designated as Exhibit A thereto, we are attaching hereto a copy of said alleged contract marked Exhibit A.

In view of the questions raised by appellant in his motion for a new trial, assignment of error and petition to transfer, I have examined the record with particular care and am struck by the fact that the alleged contract sued upon was not admitted in evidence. The written contract being the foundation of appellee's action and not having been admitted in evidence, the judg-

ment was not supported by sufficient evidence and the motion for a new trial should have been granted. *Higman* v. *Hood et al.* (1892), 3 Ind. App. 456, 457, 458, 29 N. E. 1141; *Potter* v. *Earnest* (1875), 51 Ind. 384.

In addition to the failure of the plaintiff to have the written contract admitted in evidence, plaintiff's proof is inadequate and entirely insufficient to sustain the judgment for the reason that an examination of the alleged contract discloses even if the contract had been admitted in evidence, the guaranty portion of the alleged contract is totally insufficient to bind appellant for the reason that the same was never executed.

Plaintiff (appellee herein) having the burden of proving all facts material to its cause of action and having failed to establish either the alleged written contract, the very foundation of its action, or the execution of the guaranty clause thereof, we have no alternative but to hold that the action of the court below in failing to sustain the motion for a new trial was reversible error.

The cause should be reversed and remanded to the trial court with instructions to sustain the motion for a new trial.

NOTE.—Reported in 196 N. E. 2d 893.

## LEASE AND MAINTENANCE AGREEMENT

The following Lease No. 110 made and entered into this 14th day of February 195_ between ABCO SIGNS, INC., hereinafter referred to as Lessor, and Billy Ginn and Way Lee doing business as Golden Dragon, hereinafter referred to as Lessee.

### Witnesseth

Lessor agrees to lease the following described ABCO electrical advertising display (s) with accessories, fabricated to Lessee's specifications, hereinafter referred to as the Sign and install, connect and maintain same on the premises known as,

No. 2153 N. Meridian Street, City Indianapolis,

State Indiana in accordance with specifications and maintenance as follows:

### Specifications

**Sign.**

|   |   |   |   |
|---|---|---|---|
| double faced | | porcelain enameled steel | baked enamel or painted X |
| single faced | X | other material | |
| horizontal | | | |
| vertical | | | |
| skeleton | | | |
| window | X | approx. length exclusive of hanging irons 20'0" | |

approx. height (including panels) 3'0"

hanging rig. rigid X crane type inside edge of sign to be inches from building

| Lettering details, reading | height of sizes letters | horizontal or vertical | style of letters | illuminated or unilluminated | style of illumination | color of letters | outline of letters |
|---|---|---|---|---|---|---|---|
| GOLDEN DRAGON | 18" | Horiz. | Block | Ill. | Out line | Rose | Flush |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Border 138 - 10 W. Lamps in Running motion around outer edge of sign

Size of letters refers to height of stenciled letter and not to height of tube letter.

**Color.**

background 207 Red

border 505 Yellow ornamental

letters—stroke White outline inside outside

**Accessories.**

flasher Border Chaser flashing effect Running Motions

time switch No pole beam or steel structure

rotary converter size photo automatic starter

service wiring No

In case of variance between the above specifications and sketch, the latter shall prevail.

The outside Sign Lessee agrees to furnish and install service of adequate electrical capacity to within eight feet of same on the outside of the building and the inside Sign convenient service outlet to within six feet. Such wiring to be in accordance with the National Electric Code and shall bear the approval of the local inspection body having jurisdiction.

Lessee shall secure all necessary public permits and private permission to hang and install Sign and furnish electric current at his own cost for the operation of same. Assistance of the Lessor will be given to expedite public permits, but such assistance does not relieve the Lessee of his responsibility.

### Maintenance

(a) Make necessary mechanical and electrical repairs to Sign.

(b) Replace lamps and tubes that fail to burn, also defective transformers.

(c) Clean Sign one times each year.

(d) Make prompt inspection of Sign upon Lessee's request.

(e) Paint painted surfaces of Sign, drum and hanging rig once each year, if same are included.

(f) Maintain (specify accessories).

Note: All gaseous conductive tubes have an inherent tendency to change in color and intensity proportionate to their burning hours, intensity of mercury filled tubes also is affected by cold weather.

Exhibit "A"

■■■■■■■■

2. Thirty and 50/100 ................................ Dollars ($__.__)

Ninety-one and 50/100 ..................... Dollars $91.5___

3. (a) In the event Lessee defaults in any payment of monthly rental as herein provided, or otherwise for any reason to perform his part of this Lease, it is hereby agreed Lessee shall immediately and upon demand pay Lessor the total sum equal to Twenty-eight ......... Dollars ($_28.00) for each month of the then unexpired term hereof...

(b) If Lessee agrees should he become in default in any manner as herein provided, and Lessee thereupon...

4. (a) It is understood and agreed by the parties hereto that Sign at all times or...

5. Lessor during the term hereof will save Lessee harmless from any liability by reason of any damage to property...

6. Lessee shall notify Lessor in writing in the event of the sale...

7.

8. ....... Realty, Inc., ..... Ferris ..... is hereby granted an option to purchase this sign for the sum of $887.__ minus whatever sum paid on contract. If exercised within 90 days.......

ARCO SIGNS, INC.

By _____
   Treasurer

Date _____

**Guaranty**

For value received, I, or we, jointly and severally hereby guarantee prompt payment of all monies accrued under the within Lease and Maintenance Agreement at the dates and for the periods therein and also guarantee the performance of the other undertakings by Lessee as described and set forth in manner and form provided.