## HOWARD *v.* KISLING.

Suit before a justice of the peace on a promissory note. Defendant answered, admitting the execution of the note, and setting up a counter claim.

*Held,* that under 2 R. S. 1852, § 34, p. 453, the general issue must be regarded as in by law, in addition to the special defense pleaded.

*Held,* also, that the burden of the issue was on the plaintiff, and he was entitled to open and close.

APPEAL from the *Decatur* Common Pleas.

DAVISON, J.—*Howard* sued *Kisling* before a justice of the peace, upon a promissory note, which was filed before the justice as the plaintiff's cause of action. The note, with an indorsement of credit thereon, reads thus:

"July 18, 1857.

"Four months after date, I promise to pay to the order of *H. B. Howard,* at the warehouse of *Stout,* $126, value received, without any relief whatever, from the appraisement laws."                    Signed, "*John Kisling.*"

Indorsed, "March 4, 1858, Received on the within, $100."

Defendant answered, admitting the execution of the note, but alleging that it was given in part payment for a reaping machine, sold and delivered by the plaintiff's agent to the defendant: that, at the time of the sale, he paid $29, and gave the note for the balance of the purchase money: that the agent, at the time of the sale, agreed to put the machine in good running order, and make it a good machine, and upon that consideration, the purchase was made. That the machine was not a good reaping machine: would not work well, and he, defendant, so informed said agent, and requested him to put the same in good condition; but to do so the plaintiff and his agent refused. And further, it is averred "that afterward, on March 4, 1858, the said agent again agreed with defendant, that if he would pay $100 on the note, that he, the agent, would fix the machine, and make it work well, otherwise he would not demand any further payment on the note. That defendant, relying on said agreement, did pay the agent $100; but said agent wholly failed and refused to fix the machine, and put the same in working order, and the machine, in consequence of this failure, is not worth more than $50. Wherefore the defendant demands judgment against the plaintiff on account of his failure to comply with his contract in the sale of the machine, for $75 so overpaid to him as above stated."

The record contains a bill of exceptions, whereby it appears that the jury having been sworn in the cause, the defendant moved for leave to open and close the evidence; which motion, though resisted by the plaintiff, was sustained by the Court; and the evidence was accordingly opened and closed by the defendant. And further, the evidence having been closed, the plaintiff moved to allow him to open and close the argument, but the Court overruled his motion, and granted the opening and close of the argument to the defendant. These rulings involve the only questions to settle in the case.

We are referred to *Howard* v. *Cobb*, 6 Ind. 5, as applicable to the points made in the bill of exceptions. That case, as the one at bar, originated before a justice of the peace, was founded on a promissory note, and the defense pleaded was, that the note was obtained by fraud. The Court held, " that in a suit instituted before a justice, the defendant, under

the revision of 1843, was entitled to the benefit of the general
issue, with or without pleading it, and that the plaintiff was,
therefore, entitled to open and close the argument in the case."
R. S. 1843, § 43, p. 871. In reference to the general issue
before justices of the peace, we have a statute, now in force,
similar to that of 1843, which, in effect, provides "that the
defendant in a suit before a justice, shall always have the
benefit of the general issue, without pleading it," and that
under the general issue, thus in, all matters of defense may be
given in evidence, except the statute of limitations, set-off and
matter in abatement. 2 R. S. 1852, § 34, p. 455. There was
then, in the present case, in addition to the special defense, a
statutory general issue, and the result is, *Howard* v. *Cobb, supra*,
is precisely in point. There, as here, the plaintiff was bound to
produce, on the trial, the note as described in the complaint.
True, when produced, its execution would have been admitted,
because there was no plea, verified by oath, denying that the
defendant had signed it: still it was incumbent on the plain-
tiff to give the note in evidence, otherwise the trial must have
resulted in the success of the defendant. We have a statute
which says: "The party on whom rests the burthen of the
issue, must first produce his evidence, and the adverse party
will then produce his evidence." And, "In the argument, the
party having the burthen of the issue shall have the opening
and closing." 2 R. S., §§ 324, 326, pp. 110, 112. The rule
thus prescribed, is, in effect, the same as it stood at common
law, and when applied in the case before us, it will, at once
be seen, that in this instance, "the burthen of the issue" rested
on the plaintiff. 3 Phil. Ev. 4 Am. Ed. p. 809, *et seq.* We
are of opinion that the Court erred in its refusal to allow the
plaintiff to open and close, and that the judgment must there-
fore be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause
remanded, &c.

*J. S. Scobey*, for appellant.
*Will Cumback*, for appellee.