*S. Stansifer*, for appellant.

*F. T. Hord*, for appellee.

---

## WERNKE v. HAZEN and Others.

REAL PROPERTY, ACTION TO RECOVER.—*Permanent Improvements.*—In an action to recover possession of real property under a claim of absolute title, the defendant in possession cannot have the value of permanent improvements made by him on such real estate allowed, except that he may set off the value of such improvements against the damages he may be found in such action to have caused the plaintiff by withholding, or using, or injuring the property, to the extent of such damages. Beyond this, he must wait until the determination of the question of title and bring his action under the statute concerning occupying claimants.

VENDOR AND PURCHASER.—*Lien.*—*Heirs.*—Where a married woman, during her second marriage, executed to a *bona fide* purchaser a deed of conveyance of real estate which had come to her by descent from her first husband, there being children from said first marriage surviving;

*Held*, that the fact that on the death of their mother said children received from her estate the consideration paid her·for said deed by the grantee, could create no lien on the land in favor of said grantee.

APPEAL from the Ripley Circuit Court.

RAY, J.—This was an action to recover the possession of real property, brought by the appellees. The questions which are presented by the record are so well stated by the counsel for the appellant, that we do not feel justified in extending this opinion by an abstract of the pleadings.

The first question thus stated is, whether.in an action for possession of real estate, each party claiming as absolute owner, the defendant can file his cross-bill and secure the relief given by statute to occupying claimants; or must he wait until final judgment and bring his action as the statute provides?

In our judgment, he cannot have relief, as defendant in the action, except that as to the damage he has inflicted on the plaintiff by withholding, or using, or injuring his property, he may set off the value of the permanent improvements made on such real estate by him. The language of the statute is so plain that discussion is uncalled for. 2 G. & H. 284, sec. 609.

In no essential particular does it differ from the forty-eighth section of the act of 1843 (R. S. p. 800), where it was held that the proceeding is invested with the attributes of an independent action, and may, the judgment in ejectment being suffered to rest, be the subject of an appeal to the Supreme Court. Under that act, the proceeding was after judgment in ejectment, by petition or suggestion on the record. Under our present statute, after the defendant has been found not to be the rightful owner, a complaint is to be filed, and no execution can issue to put the plaintiff in possession until the decision thereunder.

The remaining question argued by appellant is, whether the rights secured under the statute to occupying claimants may be assigned.

As there was no judgment in this case giving damages for the detention, or use, or injury of property, and therefore no case under which such a claim could avail the assignee, we cannot regard this as a question presented by the record.

These views seeming to have controlled the action of the court below, the judgment will be affirmed, with costs.

ON PETITION FOR A REHEARING.

Ray, J.—The appellant files a petition for a rehearing on the ground that the decision pronounced herein does not dispose of certain questions presented by his cross-bill, in which he alleges his possession of the property to have been in good faith, under a deed from a married woman, now deceased, and her husband, during her second marriage, the property having come to her from her first husband, there being children from said first marriage still surviving, who

are the plaintiffs in the action, and that they have received the consideration paid for the land, there having been no administration of the estate of their deceased mother, and that appellant has made valuable improvements over and above the value of the use and occupation of said land.

In holding that in an action to recover possession of real property under a claim of absolute title, the defendant in possession cannot have the value of his lasting improvements ascertained until the determination of the question of title, we have disposed of all questions involved in the record.

The fact that the heirs had received from their mother's estate the consideration paid to her for a deed executed by her, attempting to convey the property when she had no power to alienate, could create no lien upon the land itself; for equity will not do what she had no power herself to do; and outside of the statute there is no right to recover for the improvements placed upon the land by the occupying claimant. *Chesround* v. *Cunningham*, 3 Blackf. 82.

The petition is overruled.

*H. W. Harrington* and *M. K. Rosebrough*, for appellant.

*W. D. Willson* and *J. Schwartz*, for appellees.