## RICHARDSON v. JONES.

FORMER ADJUDICATION.—*Pleading.*—*Demurrer.*—*Copy of Judgment.*—An answer of former adjudication is not rendered bad on demurrer by the fact that a transcript of the pleadings, proceedings and judgment in such former action is unnecessarily attached thereto.

SAME.—*Action Against Several Defendants.*—*Recovery Against One.*—Where, in an action against several defendants, for an alleged indebtedness by all, the evidence shows an indebtedness owing from any one of them, the plaintiff is entitled to judgment against him; and such recovery is a bar to another action for such indebtedness, wherein the same debtor is a defendant either alone or with others.

SAME.—An answer of former adjudication, alleging, that, in a former action by the plaintiff, against the defendant and others, for the same indebtedness, judgment had been recovered by the defendants, is sufficient.

From the Bartholomew Circuit Court.

*N. R. Keyes* and *G. W. Richardson*, for appellant.

*S. Stansifer*, for appellee.

HOWK, J.—The appellant, as plaintiff, sued the appellee, as defendant, in the court below, on an open account for attorneys' fees.

The appellant's complaint was in a single paragraph; and it was alleged therein, in substance, that the appellee was indebted to appellant in the sum of fifty dollars, as shown in a bill of particulars made part of said complaint, for work, labor and legal services, done and rendered for the appellee, at his request, by the law firm of Hill & Rich-

ardson, composed of Ralph Hill and the appellant, who were practising law as partners, under said firm name, in Bartholomew county, Indiana, when said services were rendered; that said Ralph Hill had assigned in writing his interest in said account to the appellant, a copy of which assignment was made part of the complaint; and that said fifty dollars were due and unpaid.

To this complaint, the appellee answered in two paragraphs, as follows:

1. A general denial; and,

2. In his second paragraph, the appellee alleged, in substance, that, on the — day of ———, 1875, the appellant filed his complaint, in the court below, against the appellee and one William Powell, wherein he averred that said Powell and the appellee were indebted to him, in the same manner, and for the same work and legal services, set forth in his complaint, in this action, and not other; that, at the February term, 1875, of said court, the appellee and said Powell appeared to said action, and filed their separate answers to said complaint, in denial thereof; that thereupon, during the said term of said court, the said cause was submitted for trial to a jury, and the said jury made and returned their verdict into open court, in said cause, in favor of said Powell and the appellee; that thereupon said court rendered judgment in said cause, in favor of said Powell and the appellee, and against the appellant, for costs, which judgment remained in full force and effect; and that the items of charges set forth in said complaint against said Powell and the appellee, and in the bill of particulars therewith filed, were the same items of charges which were set forth in the complaint and bill of particulars, in this action; and a transcript of said proceedings and judgment was filed with said paragraph of answer as part thereof.

The appellant demurred to the second paragraph of ap-

pellee's answer, for the want of sufficient facts therein to constitute a defence to this action; which demurrer was overruled, and to this decision the appellant excepted.

Appellant then replied specially to the second paragraph of appellee's answer, and said, in substance, that, in said action wherein the appellant was plaintiff, and the appellee and said William Powell were defendants, the question as to the separate liability and indebtedness of the appellee to the appellant was not raised in any way, and hence was not passed upon.

Appellee's demurrer to this reply, for the want of sufficient facts therein to constitute a reply, was sustained by the court below, and to this decision the appellant excepted. And the appellant failing to reply further, judgment was rendered on the demurrer, in favor of the appellee, and against the appellant, for the costs of this action.

The appellant has assigned, in this court, as errors, the decisions of the court below:

1. In overruling his demurrer to the second paragraph of the appellee's answer; and,

2. In sustaining the appellee's demurrer to the appellant's reply.

It seems to us, that the second paragraph of the appellee's answer, in this action, must be regarded as sufficient, both in form and substance, as an answer of former recovery, under our code of practice. It was not necessary, it is true, under the recent decisions of this court, to make a transcript of the proceedings and judgment in the first suit a part of said paragraph of answer. *Wilson* v. *Vance*, 55 Ind. 584, and authorities cited. But the paragraph of answer was sufficient in its averments, without such transcript; and the filing of such transcript, though unnecessary, will not vitiate an otherwise good paragraph of answer.

The question presented by this second paragraph of answer may be thus stated: Does it appear therefrom

that the parties to this suit might have litigated the matters in issue therein in the action mentioned and described in said paragraph? For, if the matters in issue between the appellant and the appellee in this suit were, or might have been, litigated between said parties in the suit mentioned and described in said second paragraph of answer, then the rule of law is, that those matters must be considered as "at rest forever." *Fischli* v. *Fischli*, 1 Blackf. 360; *Crosby* v. *Jeroloman*, 37 Ind. 264; and *Bates* v. *Spooner*, 45 Ind. 489.

It is averred, in the second paragraph of the answer, that the account sued on in this action was the same account which the appellant had sued upon in his former action against the appellee and said William Powell, in which latter action the defendants therein, though severing in their defence, had obtained a joint verdict and ljudgment in their favor. It cannot be questioned, it seems to us, that, under the provisions of our practice act, the matters in issue between the appellant and appellee in this suit might have been litigated by and between them, in the appellant's action against the appellee and said Powell. Nor can it be doubted, we think, that, if, in said former action, the appellant had shown, by sufficient evidence, that the appellee alone was indebted to him on the account in suit, the appellant would have been clearly entitled, under our code of practice, to a judgment against the appellee, as if he only had been sued. By the third clause of section 41 of the practice act, it is provided, as follows:

" *Third.* If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them, or any of them alone." 2 R. S. 1876, p. 52.

With but slight changes of verbiage, the provision just cited is repeated in section 366 of the same act. 2 R. S.

1876, p 185.   And section 368 of said act contains substantially the same provision as to judgments for or against one or more of several defendants.   2 R. S. 1876, p. 186.

Under these statutory provisions, it seems very clear to us that the matters in issue in this suit, on appellant's complaint against the appellee, might have been litigated between them, in said former action, on the issues tried and determined therein, as set forth in said second paragraph of answer.   And therefore we hold, that the matters stated in said paragraph constituted a complete bar to this action, and that appellant's demurrer thereto was properly overruled.   It follows, also, from what we have said, that the appellee's demurrer to the appellant's reply was, in our opinion, correctly sustained.   It was wholly immaterial whether the question as to the individual liability of the appellee to the appellant on the account in suit was or was not raised in said former action, if the issues therein were such that this question might have been, and ought to have been, litigated between them; and that such were the issues in said former action, we have already seen.

It appearing to the court that appellant has departed this life since the submission of this cause to this court, the judgment is affirmed as of the May term, 1876.

The judgment of the court below is affirmed, at the appellant's costs.