## GREEN v. GLYNN ET AL.

### No. 6900.

FORMER ADJUDICATION.—*Pleading.*—*Demurrer.*—In an action by the assignee of a tax certificate, to have a lien declared upon the real estate embraced therein, for the purchase-money and subsequent taxes paid by him, the answer alleged, that, prior to the conveyance to the defendants, their grantors, in a former action against the plaintiffs, instituted for the purpose of adjudicating said claim, and in which said claim might have been and was adjudicated, recovered a judgment quieting the title to such real estate, and enjoining the plaintiff from asserting any claim, title or interest therein. *Held*, on demurrer, that such answer was a sufficient plea of former adjudication.

SAME.—*Judgment Quieting Title.*—A judgment quieting title to real estate has the effect of precluding one who is a party thereto from afterward asserting an adverse interest therein.

SAME.—*Estoppel*—A suit to quiet title challenges the defendant to appear and assert his interest, right or title, and if he fails to do so, or if his attempt is unsuccessful, the judgment estops him from again litigating that question.

ACTION TO QUIET TITLE.—*Statute Construed.*—Under section 612, 2 R. S. 1876, p. 254, the same rules apply to actions to quiet title as to actions for the recovery of the possession of real estate.

From the Jasper Circuit Court.

*R. S. Dwiggins* and *Z. Dwiggins*, for appellant.

*S. P. Thompson*, for appellees.

ELLIOTT, J.—The complaint upon which this cause was tried sought to have a lien declared upon real estate, and alleged that the appellant became the owner, by assignment, of a certificate issued upon a tax sale to one Thompson, and that the appellant had, since acquiring such certificate, paid other taxes assessed against the real estate described in the complaint.

The appellees answered in two paragraphs, the first of which pleaded a former adjudication; the second, the general denial.

The questions which first claim our consideration are those presented by the ruling holding the first paragraph

of the answer to be sufficient. The material allegations of. the paragraph under mention may be thus summarized:

Appellees derived title through Martin and Chase, by deed duly recorded. Prior to the conveyance of the land in controversy, their grantors, Martin and Chase, for the purpose of adjudicating appellant's claim, filed a complaint in the Jasper Circuit Court. Issues were properly joined, a trial was had, and a judgment rendered in favor of the appellees' grantors, quieting their title to the real estate in controversy, and perpetually enjoining the appellant from setting up any claim, title to or interest in said real estate.

We have given only a bare outline of the answer, but sufficient to show the question presented. The answer, it may be observed, is very full, and all the material facts are well pleaded.

The contention of appellant is, that the judgment rendered by the Jasper Circuit Court does not adjudicate the matters alleged as the cause of action in his complaint. The answer, however, directly avers that the action instituted by the appellant's grantors was for the purpose of adjudicating appellant's claim, and that his claim might have been and was litigated in that action.

The demurrer concedes the truth of these allegations, and it must be held, without reference to the transcript which is filed with and as an exhibit of the complaint, that the answer does affirmatively show that the matters pleaded in appellant's complaint were litigated and determined in the action instituted by the grantors of the appellees.

The judgment is set forth in the body of the answer, and from that it appears that the appellant was perpetually enjoined from asserting " any title, right to or interest " in the land in dispute, and this necessarily included his right to successfully assert a lien of any description. Indeed, a simple judgment quieting title has the effect of precluding

one who is a party from afterward asserting an adverse interest. The suit to quiet title challenges the defendant to appear and assert his interest, right or title, and if he fails to do so, or his attempt is unsuccessful, the judgment forever estops him from litigating that question.

The question of former adjudication again comes up on the evidence, and its solution depends upon the effect to be given the proceedings and judgment in the action prosecuted by the appellees' grantors against the appellant. The record given in evidence shows that the complaint asserted title to the land in controversy; that it alleged the plaintiffs to be owners in fee, and that it explicitly averred that the defendant claimed title to the land by virtue of a tax deed, or by sheriff's sales, the nature of which was unknown to the plaintiffs. The record further shows due service of process, appearance, answer, trial and judgment. The defendant in that action (here the appellant) answered by a general denial, and that answer entitled him to litigate the question whether he had any claim, for it directly met and denied the plaintiffs' allegation that the defendant's claim was wholly without foundation. There can be no doubt but that appellant could have litigated, in the action against him by Martin and Chase, the very question he seeks to have here judicially investigated. The case of *Fischli* v. *Fischli*, 1 Blackf. 360, declares: "Whenever a matter is adjudicated, and finally determined by a competent tribunal, it is considered as forever at rest.        *

*        This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case." This doctrine has been declared over and over again. *Griffin* v. *Wallace*, 66 Ind. 410, on p. 420; *Crosby* v. *Jeroloman*, 37 Ind. 264; *Richardson* v. *Jones*, 58 Ind. 240; *Bates* v. *Spooner*, 45 Ind. 489.

The complaint, upon which the judgment pleaded as a

former adjudication is based, sets forth such facts as entitled the plaintiffs to have their title quieted, and this was the relief which they prayed. The action by the grantors of appellees was not, therefore, an action to recover possession of real estate, but to quiet title. In the sections of the code which apply expressly to actions to recover possession of real estate, it is provided that all defences may be given in evidence under the general denial, and in the section immediately following that in which provision is made for actions to quiet title is the following language: " The rules above prescribed shall in such cases be observed as far as they are applicable." 2 R. S. 1876, p. 254, sec. 612. The provisions concerning actions to recover possession of real estate precede those applicable to actions to quiet title in the same article of the code, and there can be but one conclusion, and that is, that the Legislature meant that the rules declared should apply to both classes of actions. As the appellant was entitled to interpose the matters now relied upon as a cause of action as a defence to the action of Martin and Chase against him, he is concluded by the judgment rendered in that action. To this conclusion we should be compelled to come, even were there no statute expressly declaring all defences admissible under the general denial. The very object of the action to quiet title is to determine all conflicting claims, and to remove all clouds from the title of the complainant. If one having a claim is brought into court by a complaint to quiet title, and fails to assert his claim, he is concluded by the judgment, even though he omitted to assert his real claim. The statute was intended to secure repose and to settle in one comprehensive action all conflicting claims. *Merced Mining Co.* v. *Fremont*, 7 Cal. 317. The statutory remedy is broader and more comprehensive than that afforded by a bill of peace under the chancery practice. *Curtis* v. *Sutter*, 15 Cal. 259. If one brought into court and being not only

allowed full opportunity to assert such claim as he may have, but directly challenged to do so, neglects to use this opportunity expressly afforded him, he has no right to again vex the courts or those claiming adversely to him by instituting a new and distinct action against the party who summoned him into court.

Judgment affirmed, with costs.