No. 9171.

## SAUER ET AL. *v.* TWINING ET AL.

CONSTITUTIONAL LAW.— *Vanderburgh Superior Court.*—The act of March 3d, 1877, Acts 1877, p. 52, establishing a superior court in the county of Vanderburgh, is constitutional and valid.

VALIDITY OF JUDGMENTS.—*Collateral Attack.*—The judgment of a court of general jurisdiction, having jurisdiction both of the subject-matter and of the parties, is valid, binding and conclusive, as to the matter in controversy, upon the parties, and those claiming under them; and, even though erroneous, such judgment can not be impeached or attacked in any collateral suit or proceeding.

From the Vanderburgh Superior Court.

*R. A. Hill,* for appellants.

*C. Denby, D. B. Kumler* and *T. E. Garvin,* for appellees.

HOWK, J.—This was a suit by the appellee Jonathan Edwards, trustee, as sole plaintiff, to foreclose a mortgage alleged to have been executed to him by the defendants, Peter Twining and Hannah, his wife, who are named as appellees in this court. The appellants, Mary E. Sauer and Frederick Sauer, her husband, were made defendants to the suit upon the ground that the said Mary E. had, or claimed to have, an interest in the mortgaged premises. The appellants jointly answered in two paragraphs, of which the first was a cross complaint, and

the second paragraph was a general denial. To the first paragraph, or cross complaint, the appellee Jonathan Edwards, trustee, answered in two paragraphs, of which the first was a general denial, and the second paragraph was a special defence. The appellants demurred to this second paragraph, on the ground that it did not state facts sufficient to constitute a defence to their cross complaint, which demurrer was overruled by the court, and to this decision they excepted and refused to reply thereto or plead further. The defendants Peter and Hannah Twining made default, and the appellee Edwards, trustee, recovered judgment for the amount due, and for the foreclosure of the mortgage, and sale of the mortgaged premises.

The error chiefly relied upon by the appellants' counsel for the reversal of the judgment below seems to be the decision of the court in overruling the demurrer to the second paragraph of the answer of Jonathan Edwards, trustee, to the first paragraph or cross complaint of the appellants.

In their cross complaint, the appellants alleged in substance, that the said Mary E. Sauer had been and was the absolute owner, in fee simple, and in her own right, of the premises described in the mortgage in suit; that she was feeble-minded, and had been reared by her mother in entire seclusion from society, and in utter ignorance of the value of said premises; and that after her mother's death, to wit, on the 9th day of July, 1869, the said Peter Twining, by means of certain false and fraudulent practices and appliances, had induced and procured her, the said Mary E., to sell and convey the said premises to him, the said Peter, for a greatly inadequate price, not exceeding the one-fifth part of the fair and reasonable value thereof; of all which the appellee Jonathan Edwards, trustee, had notice. Wherefore, etc.

In the second paragraph of his answer to the appellants' cross complaint, the appellee Edwards, trustee, alleged in substance, that on the —— day of January, 1878, in an action then pending in the Vanderburgh Circuit Court, wherein the said Mary E. and Frederick Sauer were plaintiffs, and

the said Peter Twining was defendant, and for the same cause of action as that set forth in their cross complaint, a judgment was rendered that said Mary E. Sauer should recover possession from said Peter Twining of the real estate described in said cross complaint, and that the deed executed by said Mary E. Sauer, in July, 1869, by her then name of Mary E. Taylor, conveying said premises to said Peter Twining, and being the deed referred to in said cross complaint, should be held for naught, void and of no effect; and that the said Peter Twining should recover of and from the said Mary E. Sauer the sum of $1,596.96, as and for the State and county taxes, paid by said Peter Twining, and for lasting and valuable improvements made upon said real estate, over and above the value of the rents and profits of said premises, with six per cent. interest on said sum from December 3d, 1877, and that, should said Mary E. and Frederick Sauer fail to pay said sum of $1,596.96, with interest, within sixty days from the date of said judgment, then the title of the said Peter Twining to the said premises should be quieted and forever set at rest, and the said Mary E. and Frederick Sauer should be forever enjoined and inhibited from setting up any claim, title or interest in or to the said real estate; and that, in the event of the payment of said sum of $1,596.96, with interest, by said Mary E. Sauer, if he, the said Peter Twining, should refuse to convey said real estate to said Mary E. Sauer, then, in that case, James T. Walker was appointed a commissioner to convey the same to her, as fully as the said Peter Twining might have done. And the appellee Edwards, trustee, alleged that said Mary E. Sauer wholly failed to pay the said sum of money, so recovered by said Peter Twining, within said term of sixty days or afterwards, but the same remained wholly unpaid; that, as the grantee of said Peter Twining, in the mortgage in suit, the appellee Edwards, trustee, was entitled to all the rights of said Twining in and to said premises; that by reason of said judgment, and the appellants' failure to pay said

.sum of money as required by the terms thereof, the title of said Twining to said real estate became absolute and perfect; .and that the said Mary E. Sauer and Frederick Sauer had no legal right, title or interest whatever in or to said premises.

It is claimed by the appellants' counsel, as we understand his argument, that the judgment pleaded by the appellee Edwards in bar of the appellants' cause of action, as stated in their cross complaint, was valid, binding and conclusive, in so far as it declared that the deed from Mary E. Sauer to Peter Twining should be held for naught, void and of no effect. But it is also claimed by counsel, that the residue of the judgment, to the effect that Twining should recover of said Mary E. Sauer a certain sum of money, and providing that, if such money was not paid within sixty days, Twining's title to the real estate should be quieted and forever set at rest, was *coram non judice,* outside of the jurisdiction of the court rendering the same, and was therefore invalid and void. It must be confessed, we think, that the judgment in ·question is somewhat anomalous and it may be erroneous; but it can not be said, that in a collateral proceeding, such as the one here presented, such judgment is invalid and void. In the rendition of the judgment, the Vanderburgh Circuit Court had jurisdiction both of the subject-matter of the action there pending, and of the parties thereto; and although errors may have intervened in the proceedings, which, upon ·appeal, would have necessarily resulted in the reversal of the judgment, yet they will not vitiate or avoid such judgment, when the same is attacked collaterally, as in the case now before us.

In support of his position, that so much of the judgment pleaded as provided for the recovery by Twining of the moneys .expended by him in the payment of State and county taxes, and in lasting and valuable improvements on the real estate in controversy, in excess of the rents and profits thereof, was .absolutely invalid and void, the appellants' counsel seems

to place his principal reliance upon the doctrine enunciated in the case of *Wernke* v. *Hazen,* 32 Ind. 431. That case is so widely different, as presented there, from the case at bar, that we hardly think it can be regarded as an authority upon any of the questions in this case. In the case cited, upon a direct appeal to this court, it was held that, in an action to recover possession of real property under a claim of absolute title, the defendant in possession could not have the value of permanent improvements made by him on such real estate allowed, except that he might set off the value of such improvements against the damages he might be found in such action to have caused the plaintiff by withholding or using, or injuring the property, to the extent of such damages; and that beyond this he must wait until the determination of the question of title, and bring his action under the statute concerning occupying claimants. Doubtless, this decision was right, upon the question then and there presented; but we fail to see that it has or can have any possible bearing upon the correct decision of the question presented in this case. There the trial court had decided that, in an action for the recovery of the possession of real estate, the defendant could not have the value of his permanent improvements thereon allowed to him in such action; and, on a direct appeal therefrom, this court held that there was no error in such decision. But in the case at bar the appellee Edwards pleaded a judgment in the second paragraph of his answer, from which no appeal had been taken, and which, even though erroneous, could not be questioned collaterally.

The Vanderburgh Circuit Court was a court of general jurisdiction, and in the judgment pleaded it had jurisdiction both of the subject-matter and of the parties. However erroneous it may have been, the judgment was valid, binding and conclusive as to the matter in controversy upon the parties thereto, and those claiming under them. It was pleaded by the appellee Edwards, as a former recovery on the same cause of action stated by the appellants in their

cross complaint; and upon the demurrer thereto for the want of sufficient facts, it constituted a good defence to such cause of action. *Richardson* v. *Jones*, 58 Ind. 240; *Turner* v. *Allen*, 66 Ind. 252; *Green* v. *Glynn*, 71 Ind. 336. This was so, even if it appeared that error had intervened in the former adjudication, for not having been appealed from the judgment was binding and conclusive, even though erroneous, and could not be attacked or impeached in a collateral proceeding. *Hume* v. *The Little Flat Rock Draining Association*, 72 Ind. 499, and cases cited.

The court committed no error therefore in overruling the appellants' demurrer to the second paragraph of answer to their cross complaint.

The appellants have also assigned as error the supposed unconstitutionality of the statute establishing the superior court of Vanderburgh county. The statute referred to is almost a literal copy of the act establishing the superior court of Tippecanoe county. The constitutionality of the latter act was fully considered by this court in the case of *Vickery* v. *Chase*, 50 Ind. 461, and the enactment was held to be constitutional and valid. The question, therefore, can not now be regarded as an open one, and we must decline to consider it further. Upon the authority of the case cited, we hold the statute of March 3d, 1877, establishing a superior court in the county of Vanderburgh, to be constitutional and valid.

The judgment is affirmed, with costs.