No. 9622.

### GOBLE *v.* DILLON ET AL.

MALPRACTICE.— *Parties.—Answer.—Physician.*— To a complaint for malpractice sounding in tort against two surgeons, an answer that each was separately employed is bad.

SAME.—*Estoppel.—Res Adjudicata.*—To a suit against two surgeons for malpractice, a separate answer by one that he had sued the plaintiff before a justice of the peace having jurisdiction, to recover for his services in the same matter, that there was an answer that the services were worthless, and a trial and judgment for the amount of the claim sued for, which remains in force, is good; but if it be alleged that the judgment was without answer, and on default, it is bad; and a reply to such good answer, that the suit for malpractice was pending when that before the justice of the peace was commenced, is bad.

SAME.—*Judgment for Services.*—In such action, a separate answer by one, that

the other had recovered a valid judgment for his services in the matter, does not show a release of the one so pleading, though the judgment be sufficient to estop the suit against the defendant who obtained it.

From the Rush Circuit Court.

*W. A. Cullen* and *B. L. Smith,* for appellant.

*J. W. Study, G. B. Sleeth, J. W. Gordon* and *L. W. Florea,*. for appellees.

BLACK, C.—The appellant sued the appellees for malpractice as physicians and surgeons. The complaint alleged that on the 10th of January, 1880, the appellant's leg was broken; that the appellees were practicing physicians and surgeons in the neighborhood where the appellant resided, and as such were called upon and requested to exercise their professional knowledge and skill in adjusting and setting said broken bone, and cure and heal the same; that they undertook the same as such physicians and surgeons, for a reasonable fee, to be thereafter paid them; that, without any fault on appellant's part, the appellees so negligently, unskilfully and unprofessionally treated and set said limb, that the same was and is six inches shorter than the other limb, and six inches. shorter than it would have been if properly, skilfully and professionally treated and adjusted: that, in consequence thereof, he has been rendered a cripple for life, and greatly injured in locomotion, and rendered less capable of maintaining himself and family, and has suffered damages in the sum of five thousand dollars, for which he demands judgment.

The appellees answered separately, each by a general denial and by paragraphs of special defence. Demurrers to all the special paragraphs were filed. The demurrer to the second paragraph of the appellee Dillon's answer, and those to the first and second paragraphs of the answer of the other appellee, Hobbs, were overruled. The demurrers to the other paragraphs were sustained.

The appellant replied to the paragraphs of answer which had been held sufficient on demurrer, and each of the appel-

lees demurred to the reply to his answer. These demurrers were sustained. The appellant, having excepted to the rulings upon the demurrers to his replies, refused to reply further, whereupon judgment was rendered for the appellees. The assignment of errors presents for our consideration the rulings upon the demurrers to the second paragraph of Dillon's answer, the first and second paragraphs of the answer of Hobbs, and the replies.

In his second paragraph of answer the appellee Dillon alleged, in substance, that he and his co-defendant, the latter to aid and assist, were, each separately and for himself, employed by the appellant, each for a reasonable compensation, to be paid him severally by the appellant, and that this defendant's employment was not a joint employment with said Hobbs. The pleading then alleges, at length, that on the 2d of October, 1880, before a certain justice of the peace, this defendant filed his complaint, setting forth therein that the appellant was then and there indebted to this defendant in the sum of sixty-five dollars; that this demand was made for and on account of "said services, care, skill and diligence by this defendant bestowed in and upon the adjusting, setting, treating and curing of said broken leg."

There are allegations showing the jurisdiction of the justice of the peace, and it is averred that afterward, on the 6th of October, 1880, said cause came on to be tried before said justice, and the appellant appeared thereto, and, for answer to the complaint, alleged, "that said services mentioned in said complaint, and for which judgment was therein asked for said sum of sixty-five dollars, by and in favor of this defendant and against said Goble, were entirely worthless and of no value whatever."

It is alleged that there was a trial, and the case was submitted to said justice upon the complaint and answer, and, the evidence of the plaintiff and defendant being heard, said justice found for, and rendered judgment in favor of, the appellee Dillon, and against the appellant, for the sum of sixty-five

dollars. It is further alleged that the judgment so recovered was and is for and in consideration of this defendant's services mentioned in appellant's complaint herein, and that said judgment still remains unappealed from, unsatisfied and in full force in favor of this defendant and against said Goble.

The first paragraph of the answer of the appellee Hobbs is like the second paragraph of Dillon's answer, transposing the names of Dillon and Hobbs, except that the action alleged therein to have been brought by Hobbs before the same justice, against the appellant, for services, is said to have been brought on the 19th of October, 1880. It is alleged that the amount claimed and recovered was thirty dollars, and that the trial and the rendition of judgment were on the 24th of November, 1880, and it is not alleged that the appellant appeared to the action, nor shown that he was defaulted, and there is no allegation of the issuing or the serving of summons, nor is it alleged that the judgment was duly given; but it is averred that the justice, when the complaint was filed, and at all times thereafter until he rendered, entered and signed said judgment, had full and complete power, authority and jurisdiction in and of said action and of the subject-matter thereof, and of the person of said Goble, to render, enter and sign said judgment.

By his second paragraph of answer, the appellee Hobbs set up the rendition of the judgment given in the action of the appellee Dillon against the appellant, before the justice, in much the same language that was used by Dillon in the second paragraph of his answer, above set forth, except that the character of the appellant's answer before the justice is not stated, the allegation concerning it being that Goble appeared and "pleaded to said action." And it is claimed in said second paragraph, that, by suffering said judgment in favor of Dillon, and allowing it to remain unappealed from and in force, the appellant elected to settle with and release said Dillon from all actions and rights of action set forth in appellant's complaint against the appellees, and, in fact, released said

Dillon from all actions and rights of action arising out of any supposed failure of the appellees or either of them to use proper and legal skill, care, attention and diligence in and about the setting and adjusting of appellant's broken leg, mentioned in the complaint, and in healing, curing and restoring said limb; and that the appellant is, therefore, barred and estopped to set up or prosecute his said claim and demand for damages against this defendant.

Transcripts of the judgments in said actions before the justice are filed with the answers, and referred to therein as exhibits. The filing of these copies was not necessary or proper. The pleadings are not thereby rendered bad on demurrer, but they are not aided. The transcripts could not be considered by the court below in ruling upon the demurrers, and can not be examined by this court in reviewing such rulings. *Wilson* v. *Vance*, 55 Ind. 584; *Richardson* v. *Jones*, 58 Ind. 240; *Mull* v. *McKnight*, 67 Ind. 525; *McSweeney* v. *Carney*, 72 Ind. 430; *Briscoe* v. *Johnson*, 73 Ind. 573.

By the second paragraph of Dillon's answer it is shown that in his action before the justice there was an answer of Goble that amounted to a special denial of the value of Dillon's services, so pleaded as to avoid a negative pregnant. *Scovill* v. *Barney*, 4 Oregon, 288; *Lynd* v. *Picket*, 7 Minn. 184. Besides this special denial, it must be considered that the general denial was also in. *Howard* v. *Kisling*, 15 Ind. 83. So, it may be said in regard to the second paragraph of the answer of Hobbs, if Goble appeared before the justice and pleaded any plea, whatever its character, the general denial was in by virtue of the statute. *Howard* v. *Kisling*, *supra*.

If it be admitted that in the first paragraph of the answer of Hobbs the jurisdiction of the justice was properly or sufficiently shown, it is not alleged that there was any pleading for the defendant, or that he appeared; and we may consider that in the action of Hobbs for services the judgment was rendered upon default.

A final judgment of a court having jurisdiction, rendered

upon the merits of the cause of action and still in force, when specially pleaded, concludes the parties to an issue thereby determined, and their privies, as to each other, from litigating the same cause of action in a collateral proceeding.

That there may thus be *res judicata,* the particular controversy sought to be concluded, the allegation which is the foundation of the second actior, must have been involved in the former action so that it must or might have been tried and determined. If so involved, it will be presumed to have been determined. What was so involved in the former case must be determined from its pleadings. *Sharkey* v. *Evans,* 46 Ind. 472; *Bottorff* v. *Wise,* 53 Ind. 32; *Griffin* v. *Wallace,* 66 Ind. 410. A final judgment settles and concludes every mere defence that was or might have been urged against the cause of action upon which it is based, whether there was an answer setting up a defence or the judgment was rendered upon default; but it is not conclusive as to a cross action, that is, an independent, affirmative cause of action in favor of the defendant against the plaintiff, unless that cause of cross action was, in fact, involved in the issues of the former case, either as a set-off, a counter-claim or a defence. *Green* v. *Glynn,* 71 Ind. 336; Bigelow Estoppel, 2d ed., 20, 101, 107.

In New York it has become an established doctrine that in an action to recover compensation for medical or surgical services rendered by the plaintiff, wherein judgment is given in his favor, the question of the care and skill of the physician or surgeon is necessarily adjudicated. In *Bellinger* v. *Craigue,* 31 Barb. 534, it was decided that such question had been adjudicated, where, in the action to recover for the services, there had been an issue made by an answer of general denial.

It was so held in *Gates* v. *Preston,* 41 N. Y. 113, where, in the action for the services, there had been judgment by confession; and it was there said that the same rule applied to a judgment by default, by which the right of action is by implication admitted. Again, it was so held in *Blair* v. *Bartlett,* 75 N. Y. 150 (31 Am. R. 455), where, in the action for the

services, the defendant had appeared and put in an answer which he afterward withdrew.

These cases in the Court of Appeals proceed upon the theory that malpractice, which, of course, is hurtful, can not be of any value, and that, therefore, a judgment giving compensation for the performance of the services is inconsistent with the existence of malpractice; that litigation provoked by either party necessarily involves the matter upon which both must rely, and hence, if there be a judgment for the services, an action for negligence and unskilfulness can not afterward be maintained if the former judgment be pleaded, and this, it would seem, without regard to the character of the issue in the action for the services, or whether or not there be any real issue—whether in that action the negligence and unskilfulness be specially pleaded, or there be a denial or an express confession of judgment, or a default. The party in whose favor the cause of action for malpractice exists is driven, at all events, to defeat the action for the services.

It is said (*Dunham* v. *Bower*, 77 N. Y. 76, 33 Am. R. 570), that the principle of recoupment does not apply to these cases. Recoupment admits the right of the plaintiff to sue. The defendant proceeds upon the theory that the complaint sets forth a legal demand, which he seeks to cut off, in part or wholly, by his own claim. According to these authorities, the defendant in the action for the services can not use his claim for damages as a counter-claim, but only as a defence; and if it be or be not used as a defence, and there be a recovery against him, he can not have his cross action. The former judgment being inconsistent with the idea of the existence of malpractice as a defence, it is thereupon held to be inconsistent with its existence as an affirmative cause of action. See *Schwinger* v. *Raymond*, 83 N. Y. 192 (38 Am. R. 415). These cases in the Court of Appeals, and cases announcing a contrary doctrine in other States and in England, are reviewed in Bigelow Estoppel, pp. 99–108, and the New York cases are disapproved by that learned author. He says, on page 104:

"If there is a separate and independent cause of action given to each party upon a breach of the contract by the other, neither can be compelled to allege his defence of a breach in a suit by the other. * * Every cause of action carries with it the right to put it into judgment; and that there is a separate and independent cause of action given to each party results necessarily from this fact, that either party may sue the other for a breach. No suit can be maintained except upon a legal ground of action. Now, as one cause of action can not in itself alone, when merged in judgment, carry another and independent cause of action with it, it is difficult to understand how a judgment for the plaintiff without plea can extinguish a counter right of action by the defendant, however closely connected the two claims may be. Every one has the right to try his own case."

In *Sykes* v. *Bonner*, 1 Cin. Sup. Ct. 464, an action to recover damages of the defendant, a physician and surgeon, for "carelessly, negligently, and improperly" treating the plaintiff's arm, the defendant pleaded a judgment rendered upon default, in the court of a justice, against the present plaintiff and in favor of the present defendant, for his services in said treatment. A demurrer to this plea was sustained. The court said: "It was certainly not necessary, in order to entitle the plaintiff in that case" (before the justice) "to recover, that he should prove that he was not guilty of any negligence in his professional treatment. * * There were no pleadings and no issues. There is nothing in the record to show that the question of negligence was involved." The court had the New York cases before it, and denied their doctrine.

*Ressequie* v. *Byers*, 52 Wis. 650, S. C., 38 Am. R. 775, is a case like the one last cited. It was held that a judgment in the court of a justice, upon default, in favor of a physician, for professional services, is not a bar to an action brought by the defendant therein against the plaintiff therein, for malpractice in respect to the same services. It is said, that "It was certainly not necessary, in order to entitle the plaintiff in

the justice's court to a judgment, that he should prove he was not guilty of any negligence. * * The issue in this action was not necessarily involved in the justice's suit." The right of the defendant in the action before the justice to recoup his damages is stated, and it is said, that "The plaintiff's claim for damages resulting from malpractice constitutes a separate and independent cause of action, which he can enforce without disturbing any matter litigated in that case."

Other cases inconsistent with the doctrine of the New York Court of Appeals may be found abstracted in Bigelow on Estoppel, and in the notes appended to the last named case, in 38 Am. R. In this State, it has been decided that, in an action to recover compensation for professional services, negligence and unskilfulness in the performance thereof may constitute matter of counter-claim, which could not be but by recognizing the claim for the services as valid, except as it is overcome by the cross demand. *Reilly* v. *Cavanaugh,* 29 Ind. 435 ; *Nave* v. *Baird,* 12 Ind. 318.

The pendency of the appellant's action in the circuit court could not debar him from setting up the same demand as a counter-claim before the justice. *Wiltsie* v. *Northam,* 3 Bosw. 162 ; *Harris* v. *Hammond,* 18 How. Pr. 123.

If he had used his cause of action as a counter-claim, the amount of his recovery must have been within the jurisdiction of the justice. But it was optional with him whether he would so set up his grievance, or would sue upon it in another action brought by himself,—that is, continue the prosecution of his action already commenced. The right of the defendant to omit to set up a counter-claim, and afterward maintain an action against the plaintiff therefor, is recognized by the code. 2 R. S. 1876, p. 64, sec. 60.

In the action before the justice, the appellant might make use of the malpractice as a defence. See *Howell* v. *Goodrich,* 69 Ill. 556. If he chose to set it up by any form of issue, and that issue was adjudicated against him, he can not again litigate it.

If, then, there was an issue before the justice, under which the same evidence would have been admissible that would enable the appellant to recover in his action in the circuit court, it will be presumed, for the purposes of the demurrer, that the question of negligence and unskilfulness was adjudicated before the justice.

The statute in relation to justices of the peace provides (sec. 34, 2 R. S. 1876, p. 612), that "All matter of defence, except the statute of limitations, set-off, and matter in abatement may be given in evidence without plea." It is said in *Howard* v. *Kisling, supra*, that this statute in effect provides, like the statute of 1843, that "the defendant in a suit before a justice, shall always have the benefit of the general issue, without pleading it;" and it is customary to say, having reference to this statute, as we have said above, that in actions before a justice the general denial is in by statute.

This statute excepts set-off as a matter of defence, which it is not. No reference is made in this statute to counterclaim, which is provided for in the civil code, where it is expressly distinguished from matter constituting a defence. Sec. 60. It seems, therefore, that matter of counter-claim, as such, should be specially pleaded before a justice. To hold otherwise would be to deprive the defendant of his right to bring his own action upon his own cause, which is expressly saved to him by statute. See *Howard* v. *Kisling, supra.*

But it is not necessary, perhaps, to decide as to this; for unskilfulness and negligence of an attorney in conducting a case in court may be shown as a defence, under a denial, in an action brought by him to secure the value of his professional services in said case, for the purpose of proving that the services were not worth the sum charged and sued for, and as evidence tending to disprove the plaintiff's right to recover anything, and as matter directly responsive to the allegations of the complaint. *Bridges* v. *Paige*, 13 Cal. 640. See *Terry* v. *Sickles*, 13 Cal. 427.

So, in an action for the value of services of a mechanic, the

Goble *v.* Dillon *et al.*

defendant, under the general denial, may prove that the work was unskilfully done; as the general denial puts in issue the value of the work. *Raymond* v. *Richardson*, 4 E. D. Smith, 171. See *Schermerhorn* v. *Van Allen*, 18 Barb. 29, and *Bellinger* v. *Craigue, supra.*

Therefore, under the general denial, which was in for better or worse, the appellant might have defeated the claim of Dillon before the justice with the same evidence that would entitle him to recover in the circuit court.

A default admits the cause of action and all the material and traversable averments of the complaint. As to the amount sued for in such an action as that of Hobbs, which was upon a *quantum meruit*, a default admits that something is due the plaintiff from the defendant, but no more than a nominal amount. Upon an assessment of damages after a default, the defendant can not, for the purpose of defeating a recovery, prove that the contract sued on was not performed, or any substantive defence as such, so as to secure a judgment for the defendant as to the cause of action. Evidence which, under a general denial, might defeat a recovery by the plaintiff, will not, after a default, have that effect. *Briggs* v. *Sneghan,* 45 Ind. 14, and authorities there cited.

If, before the justice, there was a default upon the defendant's failure to appear, it would not be necessary for the plaintiff Hobbs to disprove malpractice in order to recover for his services; and no evidence could be introduced by the defendant Goble for the purpose of disproving a cause of action, or a right to recover something for those services. He could not prevent a judgment for Hobbs upon the cause of action, and, therefore, an adjudication that the services were rendered, and that they were of some value. But such an adjudication could only determine the relative value of the services, and not their absolute value; for it would be made without an issue involving the question of malpractice as a cause of action or as a defence to an action. And while such a judgment

upon default would be conclusive as to malpractice, and every other matter as mere defence, yet, the negligence and unskilfulness not having been involved, in fact, either by way of counter-claim or defence, the adjudication would not be conclusive as to a cross action for the malpractice.

The appellant had a right to control his own action. If it were otherwise, and he were required, before proceeding with his action, to defeat the suits before the justice, he might thus be driven to the trouble and expense of thrice establishing his cause of action; once for the purpose of defeating a claim of $65, again for the purpose of defeating a claim of $30, and again to recover in his own action, which, assuming his complaint to be true, involved great damage, and required the investigation and solution of perhaps intricate and difficult questions. By doing nothing before the justice, he might control his own action; or he might confess judgment before the justice without thereby being precluded from pursuing his cross action. But if he should set up and litigate his cause of action as a counter-claim, he could not maintain the same claim in a collateral action, but would be required to content himself with a recovery within the jurisdiction of the justice; and if he became a party to an issue under which he might have urged the matter of his claim as a defence, it was necessary for him to succeed in defeating a recovery against him, or he must fail in his own action afterward; unless he might show that, in fact, the subject-matter of his actual defence did not embrace his cause of action, which is a question not before us in this case.

It has been convenient in the discussion of this subject, for the purpose of illustrating by authorities, to speak of malpractice as provable under the general denial. Having illustrated its dual character as matter of defence and matter of counter-claim, it may be proper to say that it is not necessary, under the section quoted from the statute concerning justices, to refer the right to prove negligence and unskilfulness by way of defence to a supposition that an answer of denial is in,

though not pleaded. The defence being one not among those ·
required by the statute to be specially pleaded, if the defend--
ant appear and there be a trial, and judgment be given against,
him on the merits, as in the case of Dillon, it will be pre--
sumed, in a collateral proceeding between the same parties,.
that such matter was litigated as a defence, because it was
provable, whatever the character of the answer, or without
any answer.

In New York *res judicata*, as to the negligence and un-,
skilfulness, is made to depend upon the former judicial deter--
mination of the question of the value of the services, in the·
absence of any necessary consideration of the injury to the·
defendant, which, if considered, but not otherwise, would have·
led to a determination that the services were valueless. Such,
an estoppel may well be characterized as odious. One is struck
with the frequency with which, in the reported cases, the suits
for the services have been brought after the commencement.
of the actions for malpractice, as if for the purpose, which is·
sometimes declared, of preparing a defence for those actions.
We have spoken of the hardship which may be imposed upon
the plaintiff in the action for malpractice, if he be required at
all events to defeat the claims for professional services. We
are unwilling to extend the estoppel beyond the requirement
of established principles.

In the second paragraph of Dillon's answer and the first
paragraph of the answer of Hobbs, and in the briefs of coun-
sel for the appellees, much stress is placed upon the alleged
fact that the employment of the appellees was not a joint em--
ployment. It is claimed that the appellant's complaint was·
upon a joint contract, and that as the second paragraph of
Dillon's answer and the first of the answer of Hobbs allege·
that the appellees undertook and promised severally, and not,
jointly, and that the appellant promised them severally, and!
not jointly, to pay each of them what his services might rea-
sonably be worth, therefore, each of these paragraphs pre-
sented a bar to the action; and further, that the judgments

pleaded by the three paragraphs under discussion settle conclusively that the appellees were not joint contractors, and that the appellant is, therefore, estopped from insisting to the contrary.

The appellant was entitled to sue for his injury either as upon contract, or in tort, as for a breach of duty imposed by law upon the physician, whether on hire or not. Though his pleading is not in good form, we think that upon a reasonable construction of the language employed, according to its ordinary meaning, the complaint was in tort. No promise of the appellees is alleged. The word "undertook," taken with the context, may perhaps be said to be used in the sense of *entered upon*, and not in the sense of *promised, engaged* or *became bound*.

It is not alleged by whom the appellees were called upon and requested, or by whom they were to be paid a reasonable compensation, and if the allegation that "they undertook the same," etc., can be said to be an averment of a promise, it is not stated to whom the promise was made. It was not necessary to allege that it became or was the duty of the appellees to act with due and proper skill, etc. 1 Chit. Pl., 16th Am. ed., 399; 2 Chit. Pl., 16th Am. ed., 607; *Scudder* v. *Crossan*, 43 Ind. 343; *Staley* v. *Jameson*, 46 Ind. 159 (15 Am. R. 285), and authorities cited.

An averment tantamount to the allegation of an express promise was absolutely necessary in a declaration in assumpsit. 1 Chit. Pl., 16th Am. ed., 309; *Candler* v. *Rossiter*, 10 Wend. 487. Under our system of pleading, if from the facts alleged in the complaint a promise would be implied by law, it need not be alleged. *Gwaltney* v. *Cannon*, 31 Ind. 227; *Wills* v. *Wills*, 34 Ind. 106. But where, as in this case, the plaintiff may declare upon his facts either in contract or in tort, it should not be assumed that the action is *ex contractu*, unless the complaint set forth a promise, for it is by the promise, instead of the entering upon the retainer or employment, that, in such a case as this, the action on the contract is distinguished from the action in tort.

It is, therefore, unnecessary to examine as to the sufficiency of these paragraphs as answers to an action *ex contractu.* If the complaint is in tort, there may be a recovery thereunder against both defendants for their joint tort, though their employment was several, and there may be a recovery against one defendant for his own tort whether there also be a recovery against the other or not. In such an action, a former judgment in favor of one of the defendants, in an action for the same tort, is not a bar in favor of the other defendant. *Lansing* v. *Montgomery,* 2 Johns. 382.

It is not always essential, as counsel for appellant claim, that, in order to bar an action by a former judgment, all the parties in both actions must be the same. If the appellant's cause of action was litigated in an issue made and adjudicated between him and one of the appellees, that appellee may plead the former adjudication, though the other appellee was not a party to that issue, and is unable to use the same adjudication as a defence. See *Richardson* v. *Jones,* 58 Ind. 240; *Davenport* v. *Barnett,* 51 Ind. 329.

Upon what has been said, we hold that the second paragraph of Dillon's answer was sufficient, and that the first and second paragraphs of the answer of Hobbs were bad.

We must, therefore, examine the reply to the second paragraph of the answer of Dillon, which alleges, in substance, that this action was pending in the Rush Circuit Court, and the appellee Dillon had been duly notified of the pendency thereof by the service of the necessary process, and had been summoned to appear and answer, before the suit mentioned in said second paragraph of Dillon's answer herein was commenced, tried or adjudicated as shown in said answer.

The reply to the first and second paragraphs of the answer of Hobbs was like that to the second paragraph of Dillon's answer, except that it was alleged in addition that Hobbs had appeared to this action before the commencement of his suit before the justice. The reply to Dillon's answer was bad, and

that to the answers of Hobbs would have been an insufficient reply to a good answer.

If the appellees had independent causes of action for their professional services against the appellant, and their claims were due, they had the right to have them adjudicated in any court of competent jurisdiction. To sue upon them, they must have done so in another action than that brought by the appellant, who can not, in this action, on the ground of the prior pendency thereof, deny the right of the appellees to bring their actions before the justice.

In *Gates* v. *Preston, supra,* it is said : "Conceding that the effect of defeating the plaintiff's action" (for malpractice) "would have established the defendant's right to recover for his services, it would not have fixed their value, and there was no rule of law that required him to await the result of that action, before he could take proceedings to recover such value."

The judgment should be affirmed as to the appellee Dillon and reversed as to the appellee Hobbs.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment as to the appellee Dillon be affirmed, at appellant's costs, and that the judgment as to the appellee Hobbs be reversed, at his costs.

Opinion filed at the May term, 1882.

Petition for a rehearing overruled at the November term, 1882.