The State, *ex rel.* Braden, *v.* Krug *et al.*

---

Filed April 3, 1884.

———◆———

No. 10,785.

THE STATE, EX REL. BRADEN, *v.* KRUG ET AL.

FORMER ADJUDICATION.—Whenever a matter is adjudicated and finally determined by a court of competent jurisdiction, it is forever at rest.

SAME.—*Grounds of Former Decision.*—In the trial court, final judgment was rendered against the plaintiff upon the overruling of the demurrer to the answer for insufficiency, and, upon his appeal to the Supreme Court, the judgment below was affirmed upon the ground that such demurrer should have been carried back to the complaint and sustained, whereupon the plaintiff commenced a new action for the same cause, and the defendants properly pleaded such former adjudication.

*Held*, that the answer is sufficient.

SAME.—*Who may Plead Former Adjudication.*—A former adjudication in favor of several defendants is a good defence to a subsequent action upon the same cause against any of such defendants.

From the Montgomery Circuit Court.

*E. C. Snyder*, for appellant.

*G. W. Paul, M. D. White, J. E. Humphries, W. C. Wilson,* and *J. H. Adams*, for appellees.

HAMMOND, J.—This was an action against the appellees Krug and his sureties, upon his official bond as sheriff of Montgomery county. The complaint was in two paragraphs. The first alleged, in substance, that on January 18th, 1879, one William B. Patch made an assignment of all his property to the relator for the benefit of the assignor's creditors, which assignment was duly recorded ten days afterwards; that after the making and recording of the assignment, a judgment was recovered against Patch in the Montgomery Circuit Court; that an execution issued on said judgment

and was placed in the hands of Krug as such sheriff, and was by him wrongfully levied upon certain personal property, of the value of $5,000, which had been assigned to the relator as aforesaid; and that said Krug wrongfully sold said property, to the relator's damage, etc.

The second paragraph of the complaint is the same as the first except that it simply avers that the relator was the owner of the property, without giving the source of his title.

The appellees answered in five paragraphs, the second, third and fourth of which were subsequently withdrawn.

The appellant demurred separately to the first and fifth paragraphs of the answer for want of facts. The demurrer was overruled. The appellant excepted, and, declining to reply, judgment was rendered in favor of the appellees for costs. The ruling upon the demurrer constitutes the alleged error complained of in this court.

The first and fifth paragraphs of answer were pleaded as a former adjudication. The facts alleged were substantially alike in both paragraphs, and were in effect as follows:

That the relator never had any claim to the property levied upon and sold by Krug, except as assignee of Patch; that after it was levied upon and sold, as alleged in the appellant's complaint, said appellant, on the relation of said relator, filed in the court below a complaint against the appellees and one David Enoch on the bond now in suit, alleging in said complaint the same facts as are set up in the present complaint as a breach of the conditions of said bond; that the defendants in said action appeared thereto, and filed a demurrer to the complaint, which the court overruled, and to which ruling said defendants excepted, and filed an answer in four paragraphs, one being the general denial and the others specially pleading facts showing that the relator had no title to the property except such as he derived by virtue of the assignment from Patch, and that such assignment was fraudulent and void as to Patch's creditors; that the appellant in said action demurred separately to the special paragraphs

of answer for want of facts to constitute a defence, which demurrer was overruled, and the appellant excepted to the ruling and replied by the general denial; that upon the issues thus made the case was tried by the court, by agreement of parties; that the appellant introduced evidence tending to prove the allegations of the complaint, and that the same personal property described in the complaint in the present case, and no other or different property, had been levied on and sold by Krug as such sheriff, as alleged in the complaint in the former action, and in the complaint in the present suit; that the defendants in said cause thereupon introduced evidence tending to prove the allegations of the several paragraphs of their answer; that the court trying the cause, after hearing all the evidence and being duly advised in the premises, found for the defendants, and rendered judgment accordingly; that the appellant, on the relation aforesaid, appealed said cause to the Supreme Court, assigning for error the overruling of its demurrer to the special paragraphs of answer; that upon submission the Supreme Court affirmed the judgment of the court below, not upon the errors assigned, but upon the ground that the appellant could not complain of the overruling by the court below of the demurrer to the affirmative paragraphs of answer, for the reason that the appellant's complaint in said case did not state facts sufficient to constitute a cause of action in this, that said complaint gave no specific description of the property levied upon and sold by the sheriff, did not set out a copy of the assignment under which the relator claimed the property, and did not aver that such assignment was executed and recorded before the issuing and levying of the execution complained of. It is further averred that on the trial of said cause the appellant introduced in evidence said assignment, with evidence tending to prove its execution and recording; and also introduced evidence tending to prove a specific description of the property and its value, which was charged in the former and present action to have been

levied upon and sold by the sheriff.   The fifth paragraph of the answer in the present case closes as follows:

"And the defendants herein further aver that the levy, seizure and conversion by the defendant sheriff Krug, of the personal property specifically described in the complaint, as the property of the relator Braden, and as alleged in the complaint in this cause, and for which a judgment in damages is sought to be recovered, are one and the same levy, seizure and conversion of the same property by the defendant sheriff Krug, for which a judgment in damages was sought to be recovered in said former action so tried and determined as aforesaid.

"And the defendants herein further aver that all the matters alleged in the complaint in this cause are the same matters which were fully heard and determined on the trial of said former action ; wherefore the defendants pray judgment."

The case referred to as having been appealed to and affirmed by this court is *State, ex rel., v. Krug,* 82 Ind. 58.

It was said in *Fischli* v. *Fischli,* 1 Blackf. 360 (12 Am. Dec. 251), that "whenever a matter is adjudicated, and finally determined by a competent tribunal, it is considered as forever at rest.  This is a principle upon which the repose of society materially depends ; and it therefore prevails, with a very few exceptions, throughout the civilized world.   This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case."   The law as thus announced in the early history of the State has, in subsequent decisions of this court, been uniformly adhered to.   *Crosby* v. *Jeroloman,* 37 Ind. 264 ; *Bates* v. *Spooner,* 45 Ind. 489 ; *Greenup* v. *Crooks,* 50 Ind. 410 ; *Burk* v. *Hill,* 55 Ind. 419 ; *Richardson* v. *Jones,* 58 Ind. 240 ; *Griffin* v. *Wallace,* 66 Ind. 410 ; *Green* v. *Glynn,* 71 Ind. 336 ; *Hays* v. *Carr,* 83 Ind. 275 ; *Sauer* v. *Twining,* 81 Ind. 366 ; *Goble* v. *Dillon,* 86 Ind. 327 (44 Am. R. 308).

The conclusiveness of a judgment as between the parties

thereto is well stated in *Hollister* v. *Abbott*, 11 Foster (N. H.) 442. "It is," says the court in that case, "a well established principle that the judgment of a court of record having jurisdiction of the cause and of the parties, is binding and conclusive upon parties and privies in every other court, until it is regularly reversed by some court having jurisdiction for that purpose. Notwithstanding the proceedings may be erroneous, yet as between the parties the judgment must stand until regularly vacated or reversed. Where a court has jurisdiction, it has a right to decide every question which arises in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. In no collateral way can the parties question the correctness of a judgment which has been rendered between them, in a court having jurisdiction of them and of the subject-matter. The only way for them to investigate such a judgment is by a rehearing of that cause either by writ of error or some other legal and direct mode; for to the extent to which the judgment goes, their rights have been considered and decided; and they have submitted to that decision, either from the force of law after a final hearing by a court of last resort, or from a disinclination to pursue the matter further, when other courses of procedure for rehearings were opened before them, and might have been had if they had so elected. Upon this point the authorities are numerous and decisive." See, also, Wells Res Adjudicata, sections 1–14, and Freeman Judg., section 260.

The conclusiveness of a judgment recovered in a case where the court had jurisdiction of the parties and the subject-matter of the action is not affected by the insufficiency of the complaint upon which it was rendered. *Abdil* v. *Abdil*, 33 Ind. 460; *Fritz* v. *State*, 40 Ind. 18; *State* v. *George*, 53 Ind. 434.

To make a plea of former adjudication good, it is not essential that all the parties in the former suit should be parties in the action where such plea is set up. It is sufficient

The State, *ex rel.* Braden, *v.* Krug *et al.*

as to all who were parties in both actions. 1 Works Pr., section 605.

An appeal to the Supreme Court does not affect the binding force of a judgment until it is reversed. It was said in *Nill* v. *Comparet*, 16 Ind. 107, that " the only effect of an appeal to a court of error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, the judgment, until annulled or reversed, stands binding upon the parties, as to every question directly decided." To the same effect also are *Burton* v. *Burton*, 28 Ind. 342, · *Brooks* v. *Harris*, 41 Ind. 390, and *Mull* v. *McKnight*, 67 Ind. 525.

If an appeal does not destroy the binding force of a judgment, then certainly the affirmance of the judgment on appeal can not have that effect. A general judgment in the trial court decides all the issues in favor of the successful party.

The affirmance of the judgment on appeal, without reference to the ground upon which it is placed, leaves it in full force precisely the same as though no appeal had been taken. *Finch* v. *Hollinger*, 46 Iowa, 216 ; *Trescott* v. *Barnes*, 51 Iowa, 409.

The first and fifth paragraphs of the appellees' answer show that all the parties to the present action were parties to the former suit; that the causes of action in both suits were identical; that the former case was fully tried upon its merits, even as to questions of fact in which the complaint was insufficient; and that a judgment was rendered in favor of the appellees. That judgment can not be collaterally attacked. It is conclusive between the parties, and a complete bar to the present action. There was no error in overruling the appellant's demurrer to the first and fifth paragraphs of the answer.

Affirmed, with costs.

Filed March 29, 1884.